\*GEYER, ADM'R, *v.* THE JOHN HANCOCK M. LIFE INS. CO.

A cause cannot be removed into the United States court under sec. 12 of the U. S. Judiciary Act of 1789, when it appears that the suit is brought by an administrator, who is a citizen of Massachusetts appointed in New Hampshire, against a life insurance company of Massachusetts, upon a policy by which the defendant promised to pay a certain sum to the plaintiff's intestate (who was a citizen of New Hampshire), his executors, administrators, and assigns, after his death, for the sole use of his wife, who is a resident of New Hampshire.

PETITION for the removal of a cause into the United States court. The action was brought on two policies of insurance, one for three thousand dollars and one for two thousand dollars, on the life of Dexter D. Geyer, by which the defendant promised to pay these sums to the assured, his executors, administrators, and assigns, after the death of the said Dexter, and notice thereof, for the sole use of Lucy A.

---

\* This was decided March adj. term, 1871.                 REPORTER.

Geyer, his wife.  The said Dexter died at Franklin, in this State, October 12th, 1869; due notice of his death was given to the defendant; and the plaintiff was duly appointed his administrator by the judge of probate for this county.

The plaintiff is described as of Ipswich, in the State of Massachusetts, administrator of the estate of Dexter D. Geyer, late of Franklin, in the county of Merrimack, N. H., deceased, intestate; and the defendant is described as a corporation duly established by and existing under the laws of Massachusetts.  The writ is dated September 1, 1870, and the sum claimed in damages is ten thousand dollars. At the first term the defendant appeared and filed its petition in writing, alleging that the said Lucy A. Geyer is a resident of Franklin aforesaid, that the matter in dispute in the cause exceeds the sum or value of five hundred dollars, and praying that the cause may be removed for trial into the next circuit court of the United States, in the district of New Hampshire, and with it tendered a good and sufficient bond as required by law.

The plaintiff objects to the removal of the cause, on the ground that the parties are not citizens of different States, but are both citizens of the State of Massachusetts.  Case reserved.

*Barnard & Sanborn,* for the plaintiff.

There are three counts in the declaration, two of them being upon policies of life insurance, and the remaining one for money had and received.  The action was commenced by attachment of funds of the defendant company, in the hands of the trustee, Caleb Richardson, of Hudson, Hillsborough Co., N. H., a citizen of this State, and by service upon said Richardson as agent of said company.  All the parties are properly before this court, and no question arises concerning its jurisdiction; the only question being, 'Is the defendant company in position to procure the removal of the cause for trial to another court having concurrent jurisdiction?

Nothing can be presumed against the jurisdiction of this court, since it attaches first, and its power is adequate to the administration of complete justice.  *Robinson* v. *Potter,* 43 N. H. 192; *Mallett* v. *Dexter,* 1 Curtis Ct. Ct. 178; nor is it a case in which the comity of the court is to be exercised, for if the defendant is not strictly entitled to have his cause removed, this court is bound to maintain its jurisdiction.  *Redmond* v. *Russell,* 12 Johns. 153.  Therefore the defendant must satisfy the court that his case is strictly within the terms of the 12th section of the judiciary act of September 24, 1789, or the petition must be denied.  And this must appear upon the record.  *Wallen* v. *Williams,* 7 Cranch 278; *Winchester* v. *Jackson,* 3 Cranch 514; 4 Cranch 46.

In the present suit the record shows that the plaintiff and principal defendant are residents of the same State, Massachusetts, and the trustee only is a resident of New Hampshire.

Thus circumstanced, this court has jurisdiction by statute, but the

U. S. court can have none, for our trustee process is unknown in the federal courts, and both plaintiff and defendant are citizens of the same State, so far as an inspection of the record discloses.

But the defendant's counsel claims at the outset that since the plaintiff is the administrator of a deceased citizen of New Hampshire, he should, so far as the right to bring this suit is concerned, be regarded as a citizen of New Hampshire.

This question was early adjudicated, and an unbroken current of decisions in the federal and State courts, with nowhere a dissenting one, that the citizenship of the administrator and not that of the intestate should be considered in deciding upon questions of jurisdiction, is decisive of this point. 1 Kent's Com., part 2, p. 349; *McNutt* v. *Bland*, 2 Howard 15; *Childress* v. *Emory et al.*, 8 Wheaton 668; *Clarke* v. *Matthewson*, 12 Peters 164; *Chappedelaine* v. *Dechenaux*, 4 Cranch 306.

The remaining inquiries are, whether any citizen of New Hampshire is the real party in interest, and whether the plaintiff has no interest whatever in the suit. Both of these conditions must exist, since if there be a disability of any of the parties plaintiff or defendant, having any interest however small, there can be no removal. 1 Kent's Com., part 2, p. 346; *Belknap* v. *Northern Railroad Co.*, 25 Vt. 715.

In view of the unqualified decisions that the citizenship of the administrator must determine in questions of jurisdiction instead of that of his intestate, we are inclined to accept the doctrine as applying alike to all cases where the administrator is a party, without regard to his interest or that of the estate he represents. The reason of the rule would hold in all cases. In the case at bar, what interest has the administrator in the final distribution of the amount due on those policies? Can he have any preference between paying the money to the widow upon a decree of the probate court, and paying it directly to her without any decree? Yet in the former case the law endows the administrator's interest with determining power, and in the latter, the defendant's counsel would have us believe it snatches it away; and this too in view of the fact that no case can be found, as we confidently predict, wherein an administrator's citizenship is ignored in fixing the jurisdiction, under the 12th section of the judiciary act.

Press the argument a step further. Suppose this plaintiff was executor of the will of the deceased instead of administrator of his estate, and that he was directed in the will to pay the widow just the amount he could collect upon these policies, would his interest not be precisely the same as now? Would he not be the same nominal plaintiff as now, and the widow the same real party in interest? Yet in such case there can be no doubt of the question of jurisdiction, and the executor's citizenship must control.

Cases like the present have undoubtedly been before the courts. Certainly we have not the assurance to suppose that in holding the law so rigidly, such possible instances have not been foreseen by them, and yet we cannot find any case where there was any faltering upon this point.

If the administrator should be held merely a nominal plaintiff in

regard to the insurance policies, still, upon the count for money had and received, he stands precisely like any other administrator; and this is sufficient reason for dismissing the petition.    But the cases cited by the defendant's counsel as settling the law that the citizenship of the real party rather than that of the nominal party controls the jurisdiction, have no application to cases like the one under consideration.    In the first place, cases wherein an administrator or executor is a party are specially excluded from the operation of such a rule in the very cases which establish it; and, secondly, the rule itself applies to only one description of cases, which no forced enlargement of construction can extend to those like the present.    Let us find the farthest limit of the doctrine reached by the court in *Browne et al.* v. *Strode,* and other cases cited in the defendant's brief.

In *Browne et al.* v. *Strode,* the nominal plaintiffs were made such by the local law.    They had no discretion, direction, control, or responsibility.    They could not prevent the suit, nor could they be holden for costs.    No execution could reach them, nor had they any right in court, only in name.    The real parties were chargeable in all respects as parties, and had all the rights of parties, with the single exception that the law of the State required them to use the name of the justices in bringing suit; and this they did not willingly, but simply because the law, which they could neither control nor limit, so directed.    But this same law made the parties in interest the only parties to the suit. There was no privity between the justices, who were nominal plaintiffs, and the deceased or his estate.    This decision is reviewed and commented upon by the court in *Irvine* v. *Lowry,* 14 Pet. 293.   *McNutt* v. *Bland,* 2 How. 15, is, in principle, the same as *Browne & a.* v. *Strode.*

The plaintiff is not a party by any direction of statute law, but by virtue of a contract between his intestate and defendant, in which he, the administrator, is by name a party and the payee of the amount due.    The contract required certain things to be done by the deceased so long as he lived, and when his death was properly certified to the defendant company, the same contract required the person who should succeed him for the purpose of closing his affairs and completing this contract with this company, namely, his administrator, to receive the amount due and dispose of it.

The deceased claimed the right and exercised it, of paying the yearly premiums upon the policies, and also the right to charge his estate with the expense and the trouble of collecting the amount due of the company, so that, undiminished by the expenses of tedious litigation, the whole amount of the insurance might be realized by his wife. Further, he had the right to commit the collection of these policies to the care of a person of ability and experience, instead of leaving his wife to cope with a "soulless corporation."    And this is precisely what he did; and all these constitute the contract which the defendant assented to by its policies.    Had the defendant and deceased desired it, they could have made the policies payable directly to the widow; but since the deceased stipulated that his estate should be chargeable with their collection, and the company assented to it and bound itself thus

to pay it, it cannot now be heard to say that the payee is not the real party, for the purpose of merely ousting this court of jurisdiction.

This court is the sole judge of the facts presented, and it is within its judicial discretion to ascertain and determine whether it has jurisdiction.   *James et al.* v. *Thurston et al.*, 6 R. I. 428.

It is its duty to retain jurisdiction when possible; *Robinson* v. *Potter*, 43 N. H. 192.   Nor can the defendant complain if the rules of construction are rigidly maintained against it.   Its case has no equity. Like all the lines between State and federal rights, the boundaries of jurisdiction are sharply outlined, and everything remains in the State court not specially delegated to the U. S. court.   This is a maxim of our government, as old as the government itself.

In *Maxfield* v. *Levy*, 4 Dallas Penn. 330, the court said that the constitution and laws of the United States had been anxious to define by precise boundaries, and preserve with great caution, the line between the judicial authority of the Union and that of the individual States; and the State and Federal courts, acting upon this maxim, have carefully followed those lines, the one claiming and the other yielding jurisdiction in all cases where the precise language of the statute does not control.   A marked example of rigid ruling is disclosed in *Clarke* v. *Matthewson*, 12 Peters 164, and is substantially as follows:   A bill in equity was brought by a citizen of Connecticut against a citizen of Rhode Island in the circuit court of the United States.   The complainant died *pendente lite*, and his administrator filed a bill of revivor. The administrator happened to be a citizen of Rhode Island, the same State of which the defendant was a citizen, and Judge STORY dismissed the bill upon the ground that the parties were citizens of the same State.   Though he afterward found occasion to revise this opinion for other reasons, the incident becomes important as indicating his views upon questions of interpretation arising from the statutes prescribing the jurisdiction of the U. S. courts.   Upon appeal, the supreme court, Judge STORY delivering the opinion, held that a bill of revivor was not a new suit, but a mere continuation of the old one, and that therefore the jurisdiction having already attached would not be changed; but he adds, " if therefore the present had been an original bill brought between the present parties, it is clear that it could not have been maintained, for although the plaintiff could sue in *autre droit* and as administrator of a citizen of another State, yet the suit would be deemed a controversy between him and the defendants."

Thus far we have considered cases adjudicated by the U. S. courts. We submit that they everywhere refuse to acknowledge jurisdiction in cases like the present.   Of course the question of removal is determined by the same rules.

The policy of the State courts upon the question of jurisdiction, while acknowledging the authority and interpretation of the Supeme court of the United States, has been uniform in retaining jurisdiction whenever the strict words of the statute did not forbid it.   Indeed it becomes a matter of vital importance to its citizens, as well as one dictated by a desire of self-preservation, for the State courts to retain

jurisdiction whenever they can; most clearly so in cases of doubt. The evils of an opposite course are too manifest to require mention in detail. *Robinson* v. *Potter*, 43 N. H. 192, before cited; *Kittredge* v. *Emerson*, 15 N. H. 227; *Mead* v. *Walker*, 15 Wis. 499; *James et al.* v. *Thurston et al.*, 6 R. I. 428; *Nye* v. *Nightingale*, 6 R. I. 440; *Belknap* v. *Northern Railroad Co.*, 25 Vt. 715; *Moseley* v. *Chamberlain*, 18 Wis. 700.

*A. & F. A. Fowler*, for the defendant.

The plaintiff rightly concedes that the defendant is a citizen of Massachusetts, within the meaning of the 12th section of the judiciary act of Sept. 24, 1789; *Louisville R. R. Co.* v. *Letson*, 2 Howard (U. S.) 497; *Marshall* v. *Balt. and Ohio R. R. Co.*, 16 Howard (U. S.) 314; *Wheeden* v. *Camden and Amboy R. R. Co.*, 4 Am. Law Reg. 296; *Greeley* v. *Smith*, 3 Story 76; *N. Y. and Erie R. R.* v. *Shepard*, 5 McLean 455; *Lafayette Ins. Co.* v. *French*, 18 Howard (U. S.) 404.

The only question is, whether the plaintiff is a citizen of New Hampshire within the meaning of the 12th section of the judiciary act, as it has been or ought to be construed; and we respectfully submit that the real plaintiff is such citizen, and therefore the action should be removed to the circuit court.

The case finds that the plaintiff's intestate was a citizen of New Hampshire, and the plaintiff duly appointed his administrator by the judge of probate for this county, so that he brings this action as a New Hampshire administrator; and we think it might well be insisted that, although his domicil may be in Massachusetts, yet, so far as his right to bring and maintain this suit is concerned, he should be regarded as a citizen of New Hampshire, inasmuch as he can only maintain the action by virtue of his appointment under the laws of this State. But we do not rest the claim to removal on this position only.

We suppose it may be regarded as well settled, that such cases, and such cases only, are removable from the State to the circuit court as might under the law or constitution of the United States have been brought before the circuit court by original process. *Smith* v. *Rines*, 2 Sumner 338.

In *Chappedelaine* v. *Dechenaux*, 4 Cranch 306, Chief Justice MARSHALL ruled that the plaintiffs, executors, being aliens, might properly sue in the circuit court, although their testator was a citizen of the same State as the defendant's testator. This ruling was affirmed in *Childress* v. *Emory*, 8 Wheaton 642, where, in delivering the opinion of the court, STORY, J., says, " The parties, executors, are in the writ and declaration averred to be citizens of different States, and the case has therefore been supposed to be affected by the 11th section of the act of 1789. But that section has never been held to apply to executors and administrators. They are the real parties in interest before the court, and succeed to all the rights of their testators by operation of law, and no other persons are the representatives of the personalty,

capable of suing and being sued, &c. They are contradistinguished, therefore, from assignees, who claim by the act of the parties."

We confidently submit that the reasons of this rule, as thus expounded by Judge STORY, have no existence whatever in the present case. The plaintiff, administrator, here is not the real party in interest; his right to sue is derived wholly from the act of the parties to the contracts of insurance; the estate of the intestate is in no way interested in the event of the suit; and the fund sought to be recovered is not to go to increase that estate, but for the sole benefit of the widow. The widow, a citizen of New Hampshire, is the real and only plaintiff in interest, and but for the act of the parties in designating the intestate's administrator as the party to sue, the nominal plaintiff could not maintain the action. The suit is wholly for the benefit of the widow, and prosecuted at her expense, and the plaintiff of record a mere conduit through which the insurance money, if he recover it, is to pass into the possession of the widow, a citizen of New Hampshire. The reason of the rule utterly failing, it seems to us there could be no doubt that the rule itself must fall, even if there had been no authoritative decisions to that effect; and upon the doctrine of *Childress* v. *Emory* itself, we should confidently have asked this court to hold that the nominal plaintiff might properly have brought his action, under the 11th section of the judiciary act, for the sole benefit of the widow, in the circuit court, and consequently that the case must, on the petition of the defendant, be removed to that court from the State court, under the 12th section.

Fortunately a series of reported decisions of the supreme court of the United States fully sustain the correctness of this view of the true construction of the statute of 1789, and establish beyond controversy, as it seems to us, the doctrine that the jurisdiction of the circuit court, under that statute, is determined by the citizenship of the parties in interest to the suit, without regard to that of the merely nominal parties to the record.

In *Browne et al.* v. *Strode*, 5 Cranch 303, upon a case certified for their opinion whether the circuit court had jurisdiction, the supreme court held that the circuit court had jurisdiction of a case between citizens of the same State, where the plaintiffs were only nominal parties for the use of an alien. In that case the plaintiffs were justices of the peace for the county of Stafford, in Virginia, and were all citizens of that State. The defendant, Strode, was also a citizen of that State. The action was on an executor's bond: no one could sue on that bond but the plaintiffs, to whom it had been given. They were therefore necessary and indispensable parties to the suit.

But the interests involved in the suit being those of an alien, the suit being to recover a debt due from the defendant's testator to an alien, the nominal plaintiffs being, *quoad hoc*, merely trustees for the alien, sueing solely for his benefit, without any interest in the subject themselves, the jurisdiction was maintained on this ground and on this alone.

If the plaintiff, in the present case, had brought his suit in the cir-

cuit court of the United States for the district of Massachusetts, is there any doubt, upon the doctrine of *Browne* v. *Strode*, that the court would have had jurisdiction of it, on the ground that the plaintiff had no interest, being *quoad hoc* merely a trustee for the widow of the intestate, a citizen of New Hampshire, sueing solely for her benefit, without any interest for himself or for his estate in the subject-matter of the suit? And can there be the slightest doubt, that if he had brought his suit in the circuit court of the United States for the District of New Hampshire, that court would have had jurisdiction? If not, then the action must now be removed to that court.

In *Irvine* v. *Lowry*, 14 Peters 293, the case of *Browne* v. *Strode* is commented upon at length, and the doctrine distinctly recognized, that the citizenship of the real party in interest, and not that of the nominal party to the record, controls the jurisdiction.

So, too, in *McNutt* v. *Bland et al.*, 2 Howard (U. S.) 9, which was an action on a sheriff's bond given the plaintiff as governor of Mississippi, brought in the circuit court of the United States for the benefit of creditors, citizens of New York, against citizens of Mississippi, the supreme court held that although the plaintiff of record was a citizen of Mississippi, yet as he had no interest in the suit, but was merely a naked trustee for the plaintiffs in interest, citizens of New York, the circuit court had jurisdiction. In delivering their opinion, the court say, p. 14: " He" [the plaintiff of record] " is a mere conduit through whom the law affords a remedy to the person injured by the acts or omissions of the sheriff. The real and only plaintiffs are the plaintiffs in the execution," &c. And again: " The constitution extends the judicial power to controversies between citizens of different States; the 11th section of the judiciary act gives jurisdiction to the circuit court of suits between a citizen of the State where the suit is brought, and a citizen of another State. In this case there is a controversy and suit between citizens of New York and Mississippi; there is neither between the governor and the defendants; as the instrument of the State law to afford a remedy against the sheriff and his sureties, his name is in the bond and to the suit upon it, but in no just view of the constitution or law can he be considered as a litigant party; both look to things, not names—to the actors in controversies and suits, not to the mere forms or inactive instruments used in conducting them, in virtue of some positive law."

These remarks are as truly applicable to the case at bar, as to that of *McNutt* v. *Bland*. The plaintiff here is as clearly a mere naked trustee for the widow of the intestate, as clearly a mere conduit through whom the law affords a remedy to that widow for the recovery of the insurance money, as was Governor McNutt in the case of the sheriff's bond. His name as administrator is in the policies of insurance and to the suit upon them, but in no just view can he be regarded as a litigant party; and if the constitution and law look to things, not names, to the actors and parties in interest in suits and controversies, and not to the mere forms and inactive instruments used in conducting them, they must regard the widow of the intestate, for whose

sole benefit this suit is prosecuted, as the real party whose citizenship determines the jurisdiction of the circuit court.

Nor, we respectfully submit, can it make any difference that the instrument of action, the mere naked trustee, the conduit through which the plaintiff in interest seeks to recover the insurance money, happens in this case to be an administrator. He does not sue for the benefit of his intestate's estate; the heirs at law are not in any way interested; he is a necessary party only because, by the contract of insurance, in case of the intestate's death without assigning the policies, the promise was to pay his administrator; and the plaintiff is just as much a mere instrument, or naked trustee, a mere conduit through whom the law affords a remedy to the plaintiff in interest, as were the plaintiffs in *Browne* v. *Strode* and *McNutt* v. *Bland.* We therefore insist that the numerous decisions relating to executors and administrators, when sueing for themselves and for the benefit of their estates, in connection with the jurisdiction of the circuit court, have no application in this case.

To the point that the citizenship of the party in interest, and not that of the nominal party of record, determines the jurisdiction of the circuit court of the United States, we would further refer to *Wood* v. *Davis*, 18 Howard (U. S.) 467; *Russell* v. *Clark's Ex'rs*, 7 Cranch 98; *Strawbridge* v. *Curtiss*, 3 Cranch 267; *Craig* v. *Cummins*, 2 Wash. C. C. R. 505; *State* v. *Davis*, Peter's C. C. Rep. 431; *Ward* v. *Arredondo*, 1 Paine 410; *Conolly* v. *Taylor*, 2 Peters 566; *Wormley* v. *Wormley*, 8 Wheaton 421.

Again: we say that this suit is brought in the name of the administrator by the widow, at her expense and for her sole benefit, by virtue of the agreement of the parties to the contracts of insurance, and not by virtue of the provisions of law, and therefore the plaintiff of record, although an administrator nominally, is virtually an assignee, or trustee, of the policies of insurance for the benefit of the widow, within the provisions of the 11th section of the act of 1789, and can bring and maintain no suit on those policies which his intestate or *cestui que trust* could not have maintained in the same court. We are aware that an administrator to whom a chose in action comes by operation of law, and who sues thereon for the benefit of his estate, has been repeatedly holden not to be an assignee within the meaning of that section. But where, as in this case, the estate has no interest, but the chose in action belongs to a third party, and the administrator is the mere instrument to recover the money for that third party, he cannot be regarded as other than an assignee or trustee appointed by the act of the parties, with no other or greater rights than his intestate or *cestui que trust* could have had. They both being citizens of New Hampshire, his representative rights, as assignee or trustee, can be only those of a citizen of New Hampshire in respect to the jurisdiction of the circuit court. The spirit, if not the exact letter, of that clause of the 11th section of the act of 1789, prohibiting assignees from sueing in a different court than that in which their assignors might sue, would prohibit the plaintiff from sueing in a different court from what his intes-

tate, or his intestate's widow, might employ for enforcing the defendant's contracts.

Doe, J.  " If a suit be commenced in a State court against an alien, or by a citizen of the State in which a suit is brought against a citizen of another State, and the matter in dispute exceed the value of five hundred dollars, exclusive of costs, and the defendant shall, at the time of entering his appearance in such State court, file a petition for the removal of the cause for trial into the next circuit court, to be held in the district where the suit is pending, and offer sufficient surety for his entering, in such court, on the first day of its session, copies of the process against him, and also for his there appearing, and entering special bail in the cause, if special bail was originally requisite therein, the State court shall accept the surety, and proceed no further in the cause."    U. S. Judiciary Act, 1789, sec. 12.

The parties agree that the defendant is a citizen of Massachusetts within the meaning of the statute, but they raise the question whether the suit is to be regarded as brought by a citizen of Massachusetts or a citizen of New Hampshire.

"A trustee who holds the legal interest, is competent to sue in right of his own character as a citizen or alien, as the case may be, in the federal courts, and without reference to the character or domicil of his *cestui que trust,* unless he was created trustee for the fraudulent purpose of giving jurisdiction.  This rule equally applies to executors and administrators, who are considered as the real parties in interest." 1 Kent Com. 349.

The defendant claims that the widow is the plaintiff in interest, and that the case falls within the principle of *Browne & a.* v. *Strode,* 5 Cranch 303, and *McNutt* v. *Bland & a.,* 2 How. (U. S.) 9.  *Browne & a.* v. *Strode* " was an action on a bond given by an executor for the faithful execution of his testator's will, in conformity with the statute of Virginia.  The object of the suit was to recover a debt due from the testator in his lifetime to a British subject.  The defendant was a citizen of Virginia.  The persons named in the declaration as plaintiffs were the justices of the peace for the county of Strafford, and were all citizens of Virginia."    It was decided that the United States court had jurisdiction in the case.  The law of Virginia required all such bonds to be payable to the justices of the county court where administration was granted, but they might be put in suit and prosecuted by, and at the costs of, the party injured.  *McNutt* v. *Bland & a.,* 2 How. (U. S.) 9, 14.  " The jurisdiction of the circuit court (in *Browne & a.* v. *Strode*) was sustained on the ground that though the plaintiffs and defendants were citizens of the same State, the former were mere nominal parties, without any interest or responsibility, and made by the law of Virginia the mere instruments or conduits through whom the legal right of the real plaintiff could be asserted ; as such their names must be used, for the bond must be given to them in their official capacity ; but as the person to whom the debt was due was a British subject, he was properly considered as the only party plaintiff in the

action.    Whatever right of action existed in virtue of the bond, passed by the operation of the law of Virginia directly to the person for whose benefit it was given, through the conduit appointed for that purpose. For such and kindred cases, the person or officer thus selected by the law as its agent is not a party to the suit."    *Irvine* v. *Lowry*, 14 Pet. 293, 300.    *McNutt* v. *Bland & a.* was an action brought by citizens of New York, in the name of the governor of Mississippi, against citizens of Mississippi, upon a sheriff's bond given, as required by the law of that State, to the governor and his successors, conditioned for the faithful performance of the duties of the sheriff's office.    The bond might be put in suit and prosecuted, at the costs and charges of any party injured.    " He (the governor) is a mere conduit through whom the law affords a remedy to the person injured by the acts or omissions of the sheriff; the governor cannot prevent the institution or prosecution of the suit, nor has he any control over it.    The real and only plaintiffs are the plaintiffs in the execution, who have a legal right to make the bond available for their indemnity.    *    *    *.    In this case, there is a controversy and suit between citizens of New York and Mississippi ; there is neither between the governor and the defendants ; as the instrument of the State law to afford a remedy against the sheriff and his sureties, his name is in the bond and to the suit upon it, but in no just view of the constitution or law can he be considered as a litigant party ; both look to things, not names—to the actors in controversies and suits, not to the mere forms or inactive instruments used in conducting them in virtue of some positive law.    *    *    *    Where the real and only controversy is between citizens of different States, or an alien and a citizen, and the plaintiff is by some positive law compelled to use the name of a public officer who has not, or ever had, any interest in or control over it, the courts of the United States will not consider any others as parties to the suit than the persons between whom the litigation before them exists.    Executors and administrators are not in this position : they are the actors in suits brought by them ; the personal property of the decedent is vested in them ; the persons to whom they are accountable, for whose benefit they act, can bring no suit to assert their rights against third persons, be the cause of action what it may ; nor can they interfere with the conducting of the suit to assert their rights to the property of the decedent, which do not vest in them.    The personal representative is, therefore, the real party in interest before the court, 12 Pet. 171, and succeeds to all the rights of those they represent, by operation of law ; and no other persons are capable, as representatives of the personalty, of suing and being sued." 2 How. (U. S.) 9, 14, 15.

It does not appear that this suit, in fact, was brought, or is prosecuted, by the widow in the name of the administrator, or is in any measure under her control, or that she will be liable for the costs or expenses of either party in any event.    She is interested as beneficiary, and the administrator is interested as trustee.    He has a duty to perform in regard to this claim against the defendant.    The policies are payable to him according to contracts made by his intestate ; and it

was his duty to decide whether this suit should be brought and prosecuted by himself. Apparently he is doing what he regards as his duty, in prosecuting it upon his own responsibility. He is none the less a trustee because the fund, if recovered, will be for the use of the widow instead of all persons interested in the estate. In contemplation of law, the institution and control of the suit are entrusted to his discretion, and not to hers. If she might be admitted as a party in interest to prosecute the suit in his name upon giving security for costs, it does not appear that this has been done; and it is not necessary to consider the effect of such a proceeding upon this petition. Neither is there any occasion to inquire whether, if the estate were insolvent, it would be the duty or the right of the administrator, as between himself and the estate, to prosecute this suit for her benefit, without indemnity, and at the risk and expense of the estate. However his rights and duties might be modified by circumstances of that kind, he is, according to our understanding of the authorities, not a mere nominal party, but a trustee holding the legal interest and the legal and actual control, with the power and responsibility of a party; and therefore he is the party by whom the suit was brought, within the meaning of the 12th section of the statute. We think he is not an assignee within the 11th section.

*Petition dismissed.*