## GUY C. IRVINE, FOR THE USE OF THE LUMBERMAN'S BANK AT WARREN, *vs.* NATHANIEL A. LOWRY.

An action was brought by foreign attachment, in the Court of Common Pleas of Warren county, Pennsylvania, in the name of a citizen of Pennsylvania, for the use of the Lumberman's Bank, at Warren, Pennsylvania, against a citizen of New York. The suit was on a note given by the defendant to the plaintiff, to be paid "in the office notes of the Lumberman's Bank at Warren." Some of the stockholders of the Lumberman's Bank at Warren, were citizens of the state of New York. The defendant appeared to the action, by counsel, and having given bond with surety to the Court of Common Pleas, removed the cause to the Circuit Court of the United States for the Western District of Pennsylvania. A motion was made in the Circuit Court to remand the cause to the Court of Common Pleas of Warren county, the Circuit Court having no jurisdiction of the cause on the ground that the real party in the suit was the Lumberman's Bank at Warren, an aggregate corporation, some of the stockholders of the bank being citizens of the state of New York. It was held, that the Circuit Court had jurisdiction of the case.

The decisions of the Supreme Court have been uniform, and as declared at the present term in the case of The Commercial and Rail Road Bank of Vicksburg *vs.* Slocomb et al., that the Courts of the United States cannot exercise jurisdiction when some of the stockholders in a corporation established in one state are citizens of another state, of which the party sued by the corporation is a citizen.

A note to be paid " in the office notes of a bank," is not negotiable, by the usage or custom of merchants. Not being a promissory note by the law merchant, the statute of Anne, or the kindred act of Assembly of Pennsylvania, it is not negotiable by endorsement; and not being under seal, it is not assignable by the act of Assembly of Pennsylvania on that subject, relating to bonds. No suit could be brought upon it, in the name of the endorser. The legal interest in the instrument continues in the person in whose favour it has been drawn, whatever equity another may have to claim the sum due on the same; and he only is the party to a suit at law on the instrument.

ON a certificate of division from the Circuit Court of the United States for the Western District of Pennsylvania.

On the 6th of May, 1839, a writ of foreign attachment was issued out of the Court of Common Pleas of Warren county, Pennsylvania, in the name of Guy C. Irvine, for the use of the Lumberman's Bank at Warren, against Nathaniel A. Lowry, requiring bail in eighty thousand dollars. The action was founded on a promissory note, in the following terms:

"$53,000.                          *Warren, Pa,. Sept.* 6, '37.
" Three months after date I promise to pay to the order of Guy C. Irvine, Esq. fifty-three thousand dollars, in office notes of the Lumberman's Bank at Warren, and payable at their banking house in Warren.                          N. A. LOWRY."
Endorsed on side, " GUY C. IRVINE."

The sheriff of Warren county attached certain real estate in the county; and also returned that he had attached the goods and chattels of Nathaniel A. Lowry, in the hands of certain persons named in the return. Among the garnishees was Guy C. Irvine.

2 B 2

[Irvine vs. Lowry.]

On the 24th of October, 1839, Nathaniel A. Lowry, the defendant, presented a petition to the Court of Common Pleas of Warren county, stating that he was at the commencement of the action, and at the time of filing the petition, a resident and citizen of the state of New York; and that Guy C. Irvine, the plaintiff in the suit, is, and was at the commencement of the suit, a citizen of the state of Pennsylvania; and asking the Court to accept the security offered for entering his appearance in the Circuit Court of the United States, and in all things complying with the acts of Congress in such cases made and provided; he prayed the Court to proceed no further in the cause, and to allow the removal of the cause to the Circuit Court of the United States for the Western District of Pennsylvania.

The Court of Common Pleas granted leave for the removal of the cause to the Circuit Court; and the defendant gave a bond with security, for the entry of the cause in the Circuit Court.

On the same day on which the petition of Nathaniel A. Lowry was presented to the Court of Common Pleas of Warren county, the affidavits of Robert Falconer, President of the Lumberman's Bank at Warren, and of Walter W. Hodges, were filed.

The affidavit of Mr. Falconer stated, that at the date of the note on which the action was founded, he was President of the bank, and the note was received from the defendant at the time it bears date, as a security for his previous indebtedness to the institution; and that Guy C. Irvine had not then, or at any time since, any interest in the said note, except as guarantor for the payment of the same, and the solvency and sufficiency of the drawer of the note.

The affidavit of Mr. Hodges stated, that William Hall, Vine Elderken, Brown and Buckland, Starkweather and Brown, and sundry other persons, were stockholders in the Lumberman's Bank at Warren; and at the time of the institution of the suit were citizens of the state of New York, residing in that state.

The case being in the Circuit Court of the United States for the Western District of Pennsylvania, at the November sessions of the Court, Mr. Biddle, for the plaintiff, moved to remand the cause to the Court of Common Pleas of Warren county, for want of jurisdiction.

On the hearing of this motion before the Circuit Court, Mr. M'Candless, the counsel for the Lumberman's Bank at Warren, produced to the Court an act of the Assembly of Pennsylvania, passed the 28th of February, 1834, for chartering the bank; also an act of Assembly of Pennsylvania, of 21st March, 1813, entitled, An act to recharter certain Banks: and it was admitted that the bank commenced the business of banking at Warren, in Pennsylvania, having been organized under the act of 1824. The counsel for the bank also produced the note on which the suit had been brought.

The counsel for the bank stated, and the defendant's counsel admitted, that this suit was founded on the note.

"Whereupon, it appearing to the Court that this suit is founded on the note aforesaid, dated 6th Sept., 1837; that Guy C. Irvine was, at the date of the institution of this suit, a citizen of Pennsyl-

vania, and that N. A. Lowry was, at the same date, a citizen of the state of New York; that said bank was erected, and duly organized at Warren, in Pennsylvania, under the act of February 28th, 1834, aforesaid; and that six persons mentioned in the record, and sundry other stockholders thereof, were, at the date of said suit, citizens of the state of New York; and due consideration being had of the premises, the Court are divided in opinion; one of the judges thereof, being of opinion that this Court has no jurisdiction of the case; that the rule, granted as aforesaid, be made absolute; and the record of this suit remanded to the Court of Common Pleas of the county of Warren. The other judge being of opinion that the Court has jurisdiction of the case; and that the rule granted as aforesaid be denied."

The judges of the Circuit Court certified this division of opinion to the Supreme Court of the United States.

The case was argued by Mr. M'Candless, for the plaintiff; and by Mr. Marvin, for the defendant.

Mr. M'Candless contended, that Guy C. Irvine is a mere nominal party in the suit, except as guarantor of the sufficiency of Lowry, the defendant. He is one of the garnishees in the attachment; and he is a competent witness in the cause, under the decisions of the Courts of Pennsylvania. The nominal plaintiff, who assigns an obligation, is a competent witness in an action against the obligor; 9 Serg. and Raw. Rep. 20; 2 Brown's Rep. 171. The Courts of Pennsylvania, even after suit brought, allow a party on the record to assign the action, depositing with the clerk enough to cover the costs of the suit. 3 Binney's Rep. 306.

The reason of this rule is, that in Pennsylvania there are no Courts of Chancery; and the assignee of a chose in action, is therefore compelled to bring his suit in the name of the assignor. So also a bankrupt, who has obtained his certificate, and released his claim to the surplus of his estate, may be a witness. 4 Dall. 137. 2 Dall. 172. Cited also, 7 Serg. and Raw. Rep. 116. 3 Rawle's Rep. 407. 1 Peters' C. C. R. 308.

This Court have decided the question now depending before it. In Brown *vs.* Strode, 5 Cranch, 903, it was held, that the Courts of the United States have jurisdiction in a case between citizens of the same, when the plaintiffs are only nominal, for the use of an alien.

Who is the real party in this cause? It is not Guy C. Irvine, but the Lumberman's Bank, at Warren. This Court have said they would look at the real parties in the cause. In Wormley *vs.* Wormley, 8 Wheat. 421, Mr. Justice Story says, "This Court will not suffer its jurisdiction to be ousted by the mere joinder, or non-joinder of formal parties." The converse of the proposition is equally true.

It has been incontestably shown, 1. That Guy C. Irvine is not a party, or if a party, is only nominal. 2. That the Lumberman's

Bank is the real party. 3. That this Court will look at the real parties, for the purpose of entertaining or excluding jurisdiction.

This is the case of a corporation aggregate, part of whose stockholders live in the same state as the defendant.

This Court has decided that a corporation aggregate cannot be a citizen, and cannot litigate in the Courts of the United States; unless in consequence of the characters of the individuals who compose a body politic. Hope Insurance Company vs. Boardman, 5 Cranch, 57. Bank of the United States vs. Deveaux, 5 Cranch, 61. Breithaupt vs. The Bank of Georgia, 1 Peters, 238. Paine's C. C. R. 410. Corporation of New Orleans vs. Winter, 1 Wheat. 91. 1 Wash. C. C. R. 146. Bank of Augusta vs. Earle, 13 Peters, 519. 1 Kent's Com. 324—326. 3 Cranch, 267. Commercial and Rail Road Bank of Vicksburg vs. Slocomb et al., decided at this term.

Another question arises in this case.

This was a foreign attachment; a proceeding in rem. Do the provisions of the Judiciary Act extend to any actions but those in personam? 1 Story's Laws, n. 1. 57.

The act of Congress gives jurisdiction to the Courts of the United States, in cases where "the defendant is an inhabitant, or when he shall be found in the district at the time of serving the process." Lowry was not an inhabitant of the Western District of Pennsylvania; nor found there at the time of serving the writ. He was at the time the writ issued, and afterwards, residing in the state of New York.

What is the object of the foreign attachment? It is a proceeding against the lands or goods of a defendant, to compel his appearance. Can a party plaintiff compel the appearance of a defendant in the Circuit Court, by issuing a foreign attachment. It has been decided that this cannot be done. 2 Dall. 369. Sergeant on Attachments, 42.

If a Circuit Court of the United States cannot have jurisdiction originally, can it have by the removal of a cause from a state Court.

It was not intended by the twelfth section of the Judiciary Act of 1789, to extend the jurisdiction of the Courts of the United States over causes brought before them on removal, beyond the limits prescribed to them originally. Conklin's Treatise, 78. No suit can be removed to the national Court, which might not, by the Constitution, have been originally commenced in those Courts.

As to the construction of the note on which the action was brought, the counsel cited, 1 Peters, 489. 3 Chitty on Commercial and Maritime Law, 107.

Mr. Marvin, for the defendant.

The question raised in this case has never yet been decided. Four questions have been presented in the argument for the plaintiff; but one only is depending. Has the Circuit of the Western District of Pennsylvania jurisdiction of the cause?

Is the Lumberman's Bank, at Warren, the plaintiff in the cause,

[Irvine vs. Lowry.]

or is Guy C. Irvine the plaintiff? On the decision of this point, the case must be decided. Guy C. Irvine is a citizen of Pennsylvania, and Nathaniel A. Lowry is a citizen and resident of the state of New York; and those are the parties on the record. This brings the case within the provisions of the Constitution of the United States.

But, it is said, the Court will go beyond the parties named in the suit, and inquire who is beneficially interested. That it is not the party to the record, which will give or exclude jurisdiction; but the party really interested, and he only is in the contemplation of the act of Congress. In this case, it is said, the action is brought for the bank, because this is so stated on the record. But the act of Congress looks only to the parties on the record.

Pennsylvania is the only state in the Union in which actions in this form are brought. In New York, no such form of proceeding is known. Would the Court in a case brought here from New York, and standing on the record between parties subject to the jurisdiction of the Court, inquire who are the persons really interested in the controversy?

Was it necessary in this case to state for whose use the action was brought; and if it was, could issue be taken upon it? If this could be, a collateral issue would be raised; the regular inquiry in the cause would not be pursued. In all other states, the Courts will take care that the party really interested has the money which may be recovered. This will be done by the equitable powers of the Courts.

The legal party in the suit is Guy C. Irvine; and the Circuit Court, on its law side, will look only to the legal party. The note is not assignable by endorsement, for it is not a negotiable instrument. It is not given for the payment of money, but for the office notes of the Lumberman's Bank. It is not, therefore, within the statutes which make promissory notes negotiable.

It is said, that Guy C. Irvine is not a party in this cause, because he may be a witness. But if he can be a witness, which is denied, it does not follow that he is not a party. Does the jurisdiction of the Court of the United States depend on the legislature, or on the decisions of the Courts of the states? In many of the states a party is a witness to an account; and according to the rule now set up, this would deprive the Courts of the United States of jurisdiction in a case between citizens of different states, when an account was the subject of contestation.

The cases cited by the counsel for the plaintiff, go on the principle that the party has no interest in the cause, the costs having been paid, and his interest assigned. But in all these cases, he still continues the plaintiff in the cause. The law is not, however, as stated by the plaintiff's counsel. It has been decided by this Court, that a party who is a plaintiff in a cause, cannot, by an assignment of the action, and the payment of the costs, become a witness; and

38

[Irvine *vs.* Lowry.]

the decision of the Circuit Court of Pennsylvania has been solemnly overruled. Scott *vs.* Lloyd, 12 Peters, 151.

The case cited from 8 Wheat. Wormley *vs.* Wormley, was a case in equity. And it rested on its special circumstances. The case cited from 5 Cranch, 303, was one in which the bond sued upon was taken officially, for the use of creditors; the bond had been given to a public officer, for the use of creditors. This was, no doubt, averred in the declaration. The real character of the parties was thus apparent on the record. The real party was the creditor.

As to the removal of the cause to the Circuit Court, it being a foreign attachment, the counsel for the defendant contended that there is no limitation imposed in the Constitution. The act of Congress protects suits by parties not citizens of the same state, or found in the state in which the action, of whatever kind it may be, shall be brought. Act of Congress of 1789, section twelve. Conklin's Treatise, 78, 79. Suits cannot be removed which are not within the constitutional provision.

The affidavits made in the Court of Common Pleas of Warren county, were improperly admitted by that Court, and should not be regarded here; nothing in the case can be tried by affidavits of this character.

Mr. Justice BALDWIN delivered the opinion of the Court.

This suit was instituted in the Court of Common Pleas of Warren county, Pennsylvania, whence it was removed to the Circuit Court for the western district of that state, pursuant to the provisions of the Judiciary Act of 1789, section twelve; and comes before this Court on a certificate of division of opinion between the judges of that Court, on a motion to remand the cause for want of jurisdiction.

Irvine, in whose name the suit is brought, is a citizen of Pennsylvania; the Lumberman's Bank of Warren is a corporation chartered by a law of that state, and located at Warren; part of the stockholders are citizens of New York, of which state the defendant is also a citizen. The suit is brought upon a paper, of which the following is a copy:

"\$53,000. *Warren, Pa.,* 6 *September,* '37.

"Three months after date, I promise to pay to the order of Guy C. Irvine, Esq., fifty-three thousand dollars, in the office notes of the Lumberman's Bank at Warren, and payable at their banking house in Warren, Pa." N. A. LOWRY."

Endorsed on side, "GUY C. IRVINE."

The suit was commenced by the process of foreign attachment, agreeably to the law of Pennsylvania; the property of the defendant was attached according to its provisions: whereupon he appeared, and, by his counsel, moved for the removal of the cause; and having complied with the requisitions of the Judiciary Act, the cause was ordered to be removed to the Circuit Court.

[Irvine *vs.* Lowry.]

By thus approving and submitting to the process of attachment, the defendant waived any privilege to which he was entitled by the section of the Judiciary Act, as held by this Court in Toland *vs.* Sprague, 12 Peters, 330, 331 : so that on his appearance and entry of bail, the attachment was dissolved, and the cause will thenceforth proceed, as if it had commenced by the ordinary process of the Court, served on the defendant within the district. The commencement of the action in the Common Pleas, by attachment, being expressly provided for in the twelfth section of the Judiciary Act; it must be considered, when removed into the Circuit Court, as an original one.

This brings us to the question raised in the argument of the plaintiff's counsel, whether that Court can exercise any jurisdiction over the case, on the ground that the defendant, and some of the stockholders of the bank, are citizens of New York; which would be a fatal objection to the jurisdiction, if the corporation is to be considered as the plaintiff and sole party in interest. On this subject, the decisions of the Court have been uniform, and, as declared in the present term, in the Vicksburg Bank *vs.* Slocomb, have settled this point decisively; nothing then remains but to ascertain from the record, as certified, whether the bank is the real plaintiff; for if they are not, then as Irvine is admitted to be a citizen of Pennsylvania, and Lowry of New York, the jurisdiction is undoubted.

The paper on which the suit is brought, is not negotiable by the usage or custom of merchants; it is payable to order; the promise is to pay so many dollars, but not to pay any certain sum of money; it is a promise to pay the amount "in the office notes of the Lumberman's Bank at Warren," which are not money, and at most a chattel. Not being a promissory note, either by the law merchant, the statute of Anne, or the kindred act of Assembly of Pennsylvania, it is not negotiable by endorsement; and not being under seal, it is not assignable by the act of Assembly on that subject relating to bonds. The bank, therefore, cannot sue in their own name, in virtue of the endorsement of Irvine in blank; nor could they so sue if it was specially endorsed to them; because the legal right of action would still remain in Irvine, though the equitable interest in the thing promised may have passed to the bank. This case, however, is not of that description; the only evidence of any transfer of the contents of the note is the blank endorsement of Irvine, and the affidavit of the President of the bank; in the latter of which it is stated, that the note was received by the bank from the defendant, at the time it bears date, as a security for his previous indebtedness thereto; and that Irvine had not then or since any interest in said note, except as a guarantor for its payment, and the solvency and sufficiency of the drawer.

In referring to the affidavit, we are not to be understood that whatever may be its contents, they would influence our decision; yet, assuming the case to be as there stated, the legal right of action is in Irvine; the paper is not the evidence of an original

debt, contracted by a discount thereof; or its reception as payment of a pre-existing debt due the bank: it is only a collateral security, by adding the name of Irvine as endorser. Standing as such to the bank, their rights are derivative through him; and as the endorsement passes only an equity, the legal interest is in him; he is the real plaintiff in a Court of Law, in which legal rights alone can be recognised. This consideration points to the true line of discrimination between this and the case of Brown vs. Strode, 5 Cranch, 303; which was a suit against an executor on his administration bond, given to the justices of the peace of the county where the testator died, and who were citizens of the state of Virginia, as well as the defendant. The jurisdiction of the Circuit Court was sustained, on the ground that though the plaintiffs and defendants were citizens of the same state, the former were mere nominal parties, without any interest or responsibility; and made by the law of Virginia, the mere instruments or conduits through whom the legal right of the real plaintiff could be asserted; as such their names must be used, for the bond must be given to them in their official capacity: but as the person to whom the debt was due was a British subject, he was properly considered as the only party plaintiff in the action. Whatever right of action existed in virtue of the bond, passed by the operation of the law of Virginia directly to the person for whose benefit it was given, through the conduit appointed for that purpose. For such, and kindred cases, the person or officer thus selected by the law as its agent, is not a party to the suit; and no transfer of the bond or other security to the person intrusted is necessary to invest him with a complete legal interest or right of action: but cases of this description cannot be applied to actions like the present, in which the interest and responsibility of the parties to the paper depends on their contract; and the law neither dissolves or transfers any legal right of action on or to the party who accepts it as security for payment of a pre-existing debt.

We are therefore of opinion that the Circuit Court has jurisdiction of the case, and direct that it be so certified.

This cause came on to be heard on the transcript of the record from the Circuit Court of the United States for the Western District of Pennsylvania, and on the point and question on which the judges of the said Circuit Court were opposed in opinion, and which was certified to this Court for its opinion, agreeably to the act of Congress in such cases made and provided, and was argued by counsel. On consideration whereof, it is the opinion of this Court that the said Circuit Court has jurisdiction of the case. Whereupon it is ordered and adjudged that it be so certified to the said Circuit Court accordingly.