Mr. Justice DAVIS
 

 delivered the opinion of the court.
 

 The question of jurisdiction is the only point in the case.
 

 Although in controversies between citizens of different States, it is the character of the real and not that of the nominal parties to the record which.determines the question of jurisdiction, yet it has been repeatedly held by this court that suits can be maintained in the Circuit Court by executors or administrators if they are citizens of a different State from the party sued, on the ground'that they are the real parties in interest, and succeed to all the rights of the testator or intestate by operation of law. And it makes no difference that the testator or intestate was a citizen of the same State with the defendants, and could not, if alive, have sued in the Federal courts; nor is the status of the parties affected by the fact that the creditors and legatees of the decedent are citizens of the same State with the defendants.
 
 *
 

 In this state of the law on this subject, it is not perceived on what ground the right of Houston to maintain these suits can be questioned. He was a citizen of Kentucky, had the legal interest in the notes sued on, by virtue of the authority conferred on him by the court in Tennessee, and, therefore, had a right to bring his action in the Federal or State courts at his option.
 

 It is to be presumed, in the absence of an averment in
 
 *68
 
 the pleadings to the contrary, that Houston, when appointed administrator, was a citizen of Kentucky, and if so the appointment was legal, for the laws of Tennessee do not forbid the probate courts of that State to intrust a citizen of another State with the duties of administering on the estate of a person domiciled at the time of his death in Tennessee.
 

 But if the fact be otherwise, as seems to be admitted in argument, and Houston were a citizen of Tennessee at the time he got his letters of administration, the liability of the defendants to be sued in the Federal courts remains the same, because there is no statute of Tennessee requiring an administrator not to remove from the State, and the general law of the land allows any one to change his citizenship at his pleasure. After he has in good faith changed it, he has the privilege of going into the United States courts for the collection of debts due him by citizens of other States, whether he holds the debts in his own right or as administrator.
 

 Judgment affirmed.
 

 *
 

 Chappedelaine v. Dechenaux, 4 Cranch. 306, 307; Browne et al.
 
 v.
 
 Strode, 5 Id. 303 ; Childress’s Ex.
 
 v.
 
 Emory et al., 8 Wheaton, 669; Osborn
 
 v.
 
 Bank of the United States, 9 Id. 856 ; McNutt
 
 v.
 
 Bland et al., 2 Howard, 15; Irvine v. Lowry, 14 Peters, 298; Huff v. Hutchinson, 14 Howard, 586; Coal Company v. Blatchford, 11 Wallace, 172.