Mr. Justice DAVIS
 

 delivered the opinion of the court.'
 

 In the consideration of the question whether or not the Circuit Court had the,right to try the case, wer áre confined to the papers sent up with the order for removal and the papers filed in support of the motion to remand. If anything occurred On the hearing of this motion, which ought to have been preserved, it has not been done, for there is neither a bill of exceptions nor an agreed case in the record. It is true, the clerk makes a recital, running through nearly three pages of the transcript, of the various matters which, he says, were proved on the hearing of this motion, and of certain stipulations and admissions. These recitals forrii no part of the record and cannot be considered by us. They are not even authenticated by the signature of the judge, nor could they be, to be made available here, except through the mode of a bill of exceptions.
 

 Although this manner of making entries by the clerk is .improper and unauthorized, yet the party' to the record, in whose favor they are made cannot gain by them, or the party against whom they are made be injured by them. If either.party, in an action at law, is desirous of preserving the evidence, either at the trial or on a preliminary motion, in order to raise a question of law upon it, he must ask to have it incorporated in a.bill of exceptions. This is the only wayin which it can be done, unless the parties choose.
 
 *122
 
 to make ail,agreed statement of facts. Neither mode was adopted in this case, and we are, therefore, without the means of knowing what evidence was introduced on either side on the motion to remand. The question of jurisdiction is, therefore, to he decided on the papers properly in the record.
 

 The motion of the plaintiffs to remand the' case to the Slate court was denied, and the Circuit Court rested its decision on the ground that Knapp, the surviving plaintiff, was only a nominal party to the suit. But it is difficult to see how a party who makes a contract and is .charged with duties and responsibilities in connection with it can be treated, when he sues for the breach of it, otherwise than as the real plaintiff. In a court of law legal'rights alone can be recognized, and in determining the point of jurisdiction, we will not make inquiry outside of the case in order to ascertain whether some other person may not have an equitable interest in the cause of action.
 

 , It is conceded on the argument that Knapp and Briggs were trustees of a mortgage upon the' property of the Western Vermont Railrbad to secure the bonds of the company, and that upon a strict foreclosure of the mortgage their title became absolute in trust for the bondholders. After this they leased the road to the defendants for a term of years, and at the expiration of the lease brought their suit upon the covenants of. the lease. It would seem that they not only had the right to sue, but that nobody else could" sue. It is .said, however, that before the expiration of. the lease a new corporation, called the'Bennington and Rutland Railroad Company, was organized by a majority of the bondholders of the defunct corporation, under the laws of Vermont, who had converted their bonds into stock, and that the new corporation was, by the provision of the statute under which it was formed, substituted as trustee for, the other'bondholders in place of the plaintiff in error, and had thus become the real party in this suit. It is not necessary to discuss the question whether the statute of Vermont can bear the construction claimed for it, for manifestly it is not
 
 *123
 
 iu the power of the State legislature, without the consent of the
 
 cesluis que
 
 trust, to substitute a new trustee in place of the persons named in the mortgage. This would impair the obligation of the contract. The salability of railroad bonds depends in no inconsiderable degree upon the character of the persons who are selected to manage the trust. If-these persons are of well-known • integrity and pecuniary ability the bonds are more readily sold than if this were not the case. It is natural that it should be so, and on this account the trustees usually appointed in this class of mortgages are persons of good reputation in the cities where these.bonds are likely to sell. To change them is to change the contract in an important particular, and this cannot be done without the consent of the parties for whose benefit the trust was created.
 

 The trustees in this case, so far as the record discloses, have not been discharged from the obligations of their trust or divested of their right of action on this lease by judicial proceeding or otherwise, nor has the trust in fact been closed, for there are bonds outstanding which have never been paid or converted into stock of the new corporation. It can make no difference whether these bonds are few or many. The trust is continued until all are paid, unless in the meantime the trustees are discharged.
 

 They are the real plaintiffs in any suit brought to enforce a claim accruing to them in the execution of their trust, as much so as executors and administrators aré, who also sue for the benefit of others and not themselves. Like them they control the litigation, and are charged with the responsibility of conducting it. The true line of distinction between nominal and real parties to an action is pointed out by this court in the recent case of
 
 Coal Company
 
 v.
 
 Blatchford.
 

 *
 

 The court, iu commenting on the cases of
 
 Browne
 
 v. Strode
 
 †
 
 and
 
 McNutt
 
 v.
 
 Bland,
 

 ‡
 

 where the plaintiffs of record were treated as nomiual parties merely, say, “ There is no analogy between those cases and the case at bar-(one of trusteeship). . The nominal plaintiffs in those cases were not
 
 *124
 
 trustees, and held nothing for the use or benefit of the real parties in interest. They could not, its is said in
 
 McNutt
 
 v. Bland, prevent the institution or prosecution of the actions, or exercise any control over them. The justices of the peace in the one case and the governor in the other were the mere conduits through whom the law afforded a remedy to the parties aggrieved.”
 

 The position of Knapp as surviving plaintiff is very different. Ho is not a mere passive instrument in the litigation. On the contrary, he is active in promoting it, and would be remiss in his duty if he failed'in using all proper means to bring it to a successful issue. As the cause of action is vested in him the court looks to his citizenship in determining the cpiestion of jurisdiction, and not to the residence of those persons who are beneficially interested in the subject-matter of the litigation. The cases are numerous to this point, and it would be a needless work to cite all .of them.
 
 *
 

 It may be proper to say that the act of 1867, on the subject of the removal of cases from the State to the Federal courts, which extends the provisions of the act of 1789, so •as to allow either the plaintiff or defendant to remove the Cause for the reasons stated, at any time before final judgment, does not change the settled rule that determines who are to be 'regarded as the plaintiff and the defendant. As the plaintiff and the defendant in this action .were both citizens of New York, the Ciieuit Court had no jurisdiction to entertain it.
 

 Judgment reversed, with instructions to the Circuit Court to remand the case to the County Court for the County of Bennington, in the State of Vermont, from whence it was improperly removed to the Circuit Court.
 

 Mr. Justice BRADLEY did not sit during the argument, and took no part in this decision.
 

 *
 

 11 Wallace, 172.
 

 †
 

 5 Cranch, 303.
 

 ‡
 

 2 Howard, 9.
 

 *
 

 Bornafee
 
 v.
 
 Williams, 3 Howard, 574; Davis
 
 v.
 
 Gray, 16 Wallace, 220; Coal Co.
 
 v.
 
 Blatchford,
 
 supra.