## GOODNOW *v.* LITCHFIELD.

*(Circuit Court, D. Iowa, C. D.* May, 1882.)

REMOVAL OF CAUSES—COLORABLE ASSIGNMENT—PETITION.

A petition for the removal of a cause alleged that the plaintiff, a citizen of the same state with defendant, was only a nominal party; that the claims sued on belonged to a corporation of another state, which assigned them to plaintiff by an instrument requiring him to collect them, and hold the proceeds "in trust for the use and benefit of the parties owning the same." *Held,* on motion to remand, that while this does not conclusively show that the assignment was merely colorable, yet the cause should be retained, with leave to plaintiff to plead that he was a *bona fide* trustee to sue and collect, and distribute the proceeds to numerous parties equitably entitled to share therein, on proof whereof the cause would be remanded.

At Law. On motion to remand the cause to the state court.

*Geo. Crane,* for complainant.

*Gatch, Wright & Gatch,* for respondent.

McCRARY, J. This case is before the court on a motion to remand. The defendant petitioned the state court for a removal on the ground that the complainant, Goodnow, is only a nominal party, and that the controversy is between the defendant, a citizen of New York, and the Dubuque & Sioux City Railroad Company, a citizen of Iowa. It appears from the record that the claims sued upon were originally the property of the said railroad company, and that they were assigned to the plaintiff by an instrument in writing. By that instrument the plaintiff was to use and exercise reasonable diligence to enforce said claims, demands, or rights of action, and, after deducting all costs and expenses in so doing, to hold the proceeds or amounts collected "in trust for the use and benefit of the parties owning the same."

The complainant and defendant are citizens of the same state, while the original parties were citizens of different states. The case, therefore, was removable alone upon the theory that complainant is a nominal party only, and that the court can look to the controversy between him and the railroad—the assignor of the claims—to determine the question of the right of removal. As a general proposition, it is well settled that the joining in a suit of merely nominal parties can have no effect either in conferring or excluding jurisdiction. *Browne* v. *Strode,* 5 Cranch, 303; *Wormley* v. *Wormley,* 8 Wheat. 421; *Wood* v. *Davis,* 18 How. 467; *Foss* v. *Bank,* 1 McCrary, 477, 3 Fed. Rep. 185. It is equally well settled that, as a general rule, trustees and executors do not belong to that class, but are regarded as active parties to the controversy,—as parties to the contract, whose duty it is to prosecute or defend suits arising upon it, and whose citizenship is looked to as determining the question of jurisdiction. *McNutt* v. *Bland,* 2 How. 9; *Knapp* v. *Railroad Co.,* 20 Wall. 117. If the complainant in the present case is a trustee, within the ordinary meaning of the term, appointed in good faith to collect the claims sued on, and to pay the net proceeds to the parties who may be entitled to the same, then the court must look to his citizenship, and not to that

of the parties for whom he is such trustee. If, however, it be true, as alleged by respondent, that the assignment was not made in good faith, and for the purpose of transferring to plaintiff the claim sued on, but for the purpose of depriving the respondent of his right to litigate this controversy with the assignor in this court, and to compel him against his will to submit that controversy to the state courts, then the important question arises whether, under such circumstances, the cause was removable. It would hardly do to affirm that a citizen of Iowa may enter into a contract with a citizen of New York, and, having incurred liability thereunder, may thereafter, for the mere purpose of depriving such citizen of New York of his right to remove a suit upon such contract into this court, assign the contract, or the right of action arising thereon, to another citizen of New York, with an agreement that he shall prosecute the suit to judgment, and shall pay the costs and expenses of the litigation, and pay the balance to the assignor, who is to remain the real litigant. If this can be done, then the laws of the United States conferring jurisdiction upon the courts of the United States in controversies between citizens of different states may be evaded and practically nullified by such colorable assignments. If, on the other hand, the complainant is a *bona fide* trustee, with authority to prosecute this suit to judgment, and distribute the proceeds, when collected, among numerous parties who may be equitably entitled to share therein, and the assignment has been made in good faith for that purpose, then there was no right of removal. The bill, and the assignment which is made a part of it, show that the complainant is to hold the sum collected, less expenses, "in trust for the use and benefit of the parties owning the same." The respondent assumes that this provision will require complainant to pay to the assignor (the railroad company) the net sum realized. This does not conclusively appear from the record. The complainant may be able to show by proof that such is not the case, and that he is a *bona fide* trustee, and not a mere conduit to sue for and collect the money, and pay it over to the assignor. For the purposes of this motion, we will assume the truth of the petition for removal, and the motion is therefore, for the present, overruled; but the complainant may take issue upon the facts by a plea in abatement or otherwise; and if, upon a hearing, it turns out that this court has no jurisdiction within the rules laid down in this opinion, the case can then be dismissed or remanded.