Baker, District Judge.
Action by the plaintiff, as trustee, against the defendant, to. recover damages for the diversion and use of water. The complaint alleges that the plaintiff is a citizen of the state of Illinois, and that the defendant is a citizen of the state of Indiana. It further alleges that the plaintiff was duly appointed trustee of property situated *858 in this state by the circuit court of Miami county, Ind. The defendant moves to dismiss for want of jurisdiction on the ground that the plaintiff, though actually residing in Illinois, is to be deemed a citizen of this state, because he was appointed trustee by an Indiana court, and sues in his trust capacity for damage to trust property situated in this state. Assuming, without deciding, that the jurisdiction of the court may be challenged by motion, as well as by plea or answer,(but see McDonald v. Flour-Mills Co., 31 Fed. Rep. 577; Sharon v. Hill, 23 Fed. Rep. 353,) I will proceed to dispose of the question of jurisdiction on its merits. Section 2988, Rev. St. Ind., which provides that “it shall be unlawful for any person, association, or corporation to nominate or appoint any person a trustee in any deed, mortgage, or other instrument in writing except wills, for any purpose whatever, who shall not be at the time a bona fide resident of the state, to act as such trustee,” is in conflict with Const. U. S. art. 4, § 2, which declares that “the citizens of each state shall be entitled to all the privileges and immunities of citizens in the several states.” Bryant v. Richardson, 126 Ind. 145, 25 N. E. Rep. 807; Robey v. Smith, (Ind. Sup.) 30 N. E. Rep. 1093; Farmers' Loan & Trust Co. v. Chicago & A. Ry. Co., 27 Fed. Rep. 146.
The statute of this state which sought to make it unlawful for a citizen of another state to act as trustee in this state being unconstitutional and void, the question of jurisdiction must be settled by determining whether the citizenship of the plaintiff for the purposes of jurisdiction is affected by the fact of his appointment as trustee by an Indiana court for property situated in this state. In Rice v. Houston, 13 Wall. 66, it is held that one appointed administrator may become a citizen of another state, and, after such change of citizenship, he may sue in the federal court. So, in New Orleans v. Whitney, 138 U. S. 595, on page 606, and 11 Sup. Ct. Rep. 428, on page 431, the court says: “We have repeatedly held that representatives may stand upon their own citizenship in the federal courts, irrespectively of the citizenship of the persons whom they represent,—such as executors, administrators, guardians, trustees, receivers,” etc. To the same effect is the case of Harper v. Railroad Co., 36 Fed. Rep. 102. Text writers on. practice in the federal courts state the rule of law in the same way. Fost. Fed. Pr. § 19; Story, Fed. Pr. § 19. The motion is groundless, and must be overruled. It is so ordered.