WADE v. SEWELL et al.

(Circuit Court. D. Maryland. May 12, 1893.)

1. JUDGMENT—LIEN—RESULTING TRUSTS.

A. and B. purchased certain lands for the purpose of an *immediate re-sale* at an advance. A. furnished all the purchase money, and B.'s only interest was the right to receive one-half of the profits, if any were realized, but for convenience the legal title was conveyed to him. *Held,* that there was a resulting trust in favor of A., and B. had no such interest as to render the land subject to the lien of an existing judgment against him.

2. INSOLVENCY — DISCHARGE UNDER STATE LAWS — NONRESIDENT DEBTORS — TRUSTS.

Where a judgment is recovered by a trustee under a will, the subsequent discharge of the judgment debtor under the insolvent laws of the state discharges him from the obligation of the judgment in respect to the interests of nonresidents as well as resident beneficiaries; for the trustee represents the beneficiaries, and, being subject to the jurisdiction of the insolvent court, the discharge operates through him upon all interests represented.

In Equity. Petition by Francis O. Singer, in the suit of Sarah C. Wade against Thomas Sewell, Jr., and Richard Sewell, Jr., praying that certain real estate, the legal title of which was held by Richard Sewell, should be decreed not to be subject to the lien of a decree heretofore rendered against the defendants. Petition granted.

Rich & Bryan, for petitioner.

Edward Otis and John Hinkley, for trustees.

MORRIS, District Judge. This equity suit was instituted in 1876 by the complainant, who was a citizen of Massachusetts, against the respondents, who were citizens of Maryland, to obtain an accounting of a trust created by the will of Thomas Sewell, late of Baltimore city, deceased. By a decree passed 13th June, 1877, Edward Otis Hinkley was appointed trustee to execute the trusts created by said will in respect to the share of Mrs. Wade, the complainant, who was a life tenant, and such proceedings were had that a decree was entered in favor of Mr. Hinkley, as trustee, January 11, 1883, against the respondents, for the sum of $9,452.91, money due by them to the trust estate. This decree remains unsatisfied, and the complainant, Mrs. Wade, having died without children, the persons who by said will, and by the contingent and cross remainders, are either immediately or contingently beneficially interested in the said trust fund, are numerous, and are some of them citizens of Maryland, and some of them citizens of other states. In 1891, Richard Sewell, one of the respondents and one of the judgment debtors, under the decree of this court, applied for the benefit of the Maryland insolvent laws, and was discharged on June 20, 1891, from all his debts and contracts.

In December, 1892, certain real estate in Baltimore was conveyed to the said Richard Sewell, and upon his attempting to sell, and convey it to a purchaser, objection was made that the decree of this court of January 11, 1883, for $9,452.91, might be held to be

a lien not discharged by his insolvent discharge, because certain of the parties beneficially interested in said decree were not residents of Maryland. Thereupon a petition was filed by Francis O. Singer, claiming to be the actual owner of the real estate conveyed to Richard Sewell, asking this court to decree that said real estate was not subject to the lien of said decree, and directing the trustee not to attempt to enforce it. The trustee has answered Singer's petition, denying the allegation that the real estate is not Sewell's, and contending that, as to the persons entitled to shares of said fund who are not citizens of Maryland, Sewell's discharge under the state insolvent laws is not operative. Proof has been taken which clearly shows that the real estate in question was purchased by Sewell and Singer in expectation of an immediate resale at an advance; that Singer paid all the purchase money, and that the title was put in Sewell's name for convenience, merely; and that the only interest Sewell had was to receive one-half of the profit, if the property should be sold at a profit.

I think this is clearly a case of resulting trust, such as arises by operation of law when one party pays the whole purchase money for real estate, and the title is conveyed to another. Ollcott v. Bynum, 17 Wall. 44; Dorsey v. Clarke, 4 Har. & J. 556; Purdy v. Purdy, 3 Md. Ch. 547; Bank v. Snively, 23 Md. 253; Keller v. Keller, 45 Md. 269. It being established that the whole beneficial interest in the property belonged to Singer, who paid the purchase money, there is no interest in Sewell to which the lien of the decree can attach. Hartsock v. Russell, 52 Md. 619.

I am of the opinion also that the discharge of Sewell under the state insolvent laws operated to discharge his liability as judgment debtor under the decree of this court. Mr. Justice Clifford, in Baldwin v. Hale, 1 Wall. 234, has summarized the grounds of the decisions with regard to the want of extraterritorial effect of state insolvent laws. He says:

"Insolvent laws of one state cannot discharge the contracts of citizens of other states, because they have no extraterritorial operation, and consequently the tribunal sitting under them, unless in cases where a citizen of such other state voluntarily becomes a party to the proceedings, has no jurisdiction of the case. Legal notice cannot be given, and consequently there can be no obligation to appear, and, of course, no legal default."

In the present case, the legal title to the judgment debt was in Mr. Hinkley, who had been substituted by decree in the place and stead of the trustees to whom the trust property had been devised by the will. He, and he alone, had the right to enforce the decree. He alone had the power to give an acquittance, and enter the decree satisfied. He stood in the place of, and represented, all the persons who have any interest, immediate or contingent, in the fund. If it had been desirable to prove the debt, and receive any dividend derivable from the insolvent estate, he would have been the proper person to prove the debt, to vote for choice of a permanent trustee, and receive the dividend. Ex parte Norwood, 3 Biss. 504; Ex parte Green, 2 Deac. & C. 116.

Mr. Hinkley being a citizen of Maryland, it cannot be said that the insolvent court had no jurisdiction over him, or that as to him the Maryland insolvent law was extraterritorial. In questions of jurisdiction it is held that it is the residence and citizenship of the trustee, and not of those beneficially interested, which determine the jurisdiction of the court. It is the citizenship of the trustee which determines the jurisdiction of the United States circuit courts, and not the citizenship of the parties he may represent. Coal Co. v. Blatchford, 11 Wall. 172; Rice v. Houston, 13 Wall. 66; Childress v. Emory, 8 Wheat. 642. For purposes of taxation, it is the residence of the trustee which determines in what city or county the taxes shall be levied on personal property. Latrobe v. City of Baltimore, 19 Md. 13. The debt was not due to the numerous persons who may from time to time have various interests in it, but to the trustee, in whom is vested the legal title; and as he, in the present case, is a resident of Maryland, the insolvent discharge, in my opinion, operated to release Sewell from this debt.