POPP v. CINCINNATI, H. & D. RY. CO.

(Circuit Court, S. D. Ohio, W. D.    May 22, 1899.)

No. 5,281.

1. ACTION BY FOREIGN ADMINISTRATOR—DEATH BY WRONGFUL ACT.

Under Rev. St. Ohio, § 6133, providing that a foreign administrator may prosecute an action in that state in his capacity of administrator in like manner as a nonresident may sue, a foreign administrator may maintain an action for death of the decedent by wrongful act, as authorized by sections 6134, 6134a, 6135, allowing an action for death by wrongful act, and permitting an administrator to sue on behalf of the beneficiaries.

2. SAME—PARTIES IN INTEREST—FEDERAL JURISDICTION.

Under Rev. St. Ohio, § 6135, authorizing an action for death by wrongful act to be brought by the administrator for the benefit of the next of kin,

the administrator is not a nominal party merely, but is the real party, and has control of, and is responsible for, the conduct of the case; and consequently, if a foreign administrator, he may bring the action in the federal court, although the beneficiaries reside in the state where the death occurred.

Action for death by wrongful act by Minnie Popp, as administratrix of John L. Popp, deceased, against the Cincinnati, Hamilton & Dayton Railway Company. Defendant demurs to complainant's petition. Complainant's petition is as follows:

Plaintiff is a citizen of the state of Indiana, and is the duly appointed and qualified administratrix of the estate of her husband, John L. Popp, deceased. The defendant is a corporation organized under the laws of Ohio, and is a citizen of Ohio and resident of this district, and was on the 21st day of September, 1898, operating a railroad between Cincinnati, Ohio, and Toledo, Ohio, and other points. On said 21st day of September, 1898, plaintiff's decedent was in the employ of defendant as a locomotive engineer, and while riding upon an engine in the discharge of his duty near Leipsic, Ohio, on the line of said railroad, said engine became derailed, and plaintiff's decedent was caught in the wreck which followed, and was killed. The said derailment and death of plaintiff's decedent was caused wholly by the negligence of defendant, its agents and employés, in maintaining, at and about the place where said derailment occurred, its roadbed, ties, track, frog, and other appliances in a defective and dangerous condition, and unfit for running trains thereon, which was known to defendant, or could by due care on its part have become known, and was unknown to said decedent, John L. Popp, and could not by due care on his part have been known to him. The said John L. Popp left surviving him a widow, Minnie Popp, who, as administratrix, is plaintiff herein, and one child, a boy aged 10 years, who have been damaged by reason of the premises in the sum of $10,000, for which plaintiff asks judgment.

C. M. & E. W. Cist, for plaintiff.
Maxwell & Ramsey, for defendant.

THOMPSON, District Judge. This cause is submitted to the court upon a demurrer to the petition upon the ground that it does not appear therefrom that the court has jurisdiction of the action.

1. It is said that, for aught that appears in the petition, the plaintiff may have been appointed administratrix in a foreign country, or in some state of the Union other than Ohio, and that under section 6133 of the Revised Statutes of Ohio a foreign administrator cannot maintain an action "for death caused by wrongful act" under sections 6134, 6134a, and 6135 of said statutes. This claim is based upon a construction of section 6133 which would exclude actions for wrongful death as not being brought by the foreign executor or administrator "in his capacity of executor or administrator," because any damages recovered in such action would not become assets of the estate, but would be apportioned among the wife, husband, children, or next of kin of the deceased. I do not think this construction sound. I think the manifest intention of the legislature was to allow foreign executors and administrators to prosecute any action which might be prosecuted by an executor or administrator appointed in this state, "in like manner and under like restrictions as a nonresident may be permitted to sue." Duchesse D'Auxy v. Porter, 41 Fed. 68; Noonan v. Bradley, 9 Wall. 394, 403.

2. It is said that the beneficiaries under the statute are the real

parties in interest, and that federal jurisdiction, based upon diverse citizenship, has relation to the citizenship of the real parties in interest, and not to that of mere nominal parties; that the plaintiff is a mere nominal party, and, for aught that appears in the petition, the other beneficiary may be a citizen of Ohio, and therefore, jurisdiction not appearing upon the face of the petition, the action must be dismissed. The plaintiff, in the opinion of the court, is not a mere nominal party. She is a real party, so far as the prosecution of the suit is concerned. It is not a case where the suit is being prosecuted in the name of somebody else, where the party actively conducting the litigation is doing it in the name of the state, in the name of a next friend, or the like, but it is a case where the administratrix is the active party in the prosecution of the suit, who institutes it, carries it on, and, with the sanction of the court, may compromise or dismiss it. She has absolute control of, and is responsible for, the conduct of the case. Harper v. Railroad Co., 36 Fed. 102; Coal Co. v. Blatchford, 11 Wall. 172; Knapp v. Railroad Co., 20 Wall. 117; Chappedelaine v. Dechenaux, 4 Cranch, 306; Childress v. Emory, 8 Wheat. 642; Clarke v. Mathewson, 12 Pet. 164; Bonnafee v. Williams, 3 How. 574; Osborn v. Bank, 9 Wheat. 738; Irvine v. Lowry, 14 Pet. 298; Rice v. Houston, 13 Wall. 66; Davis v. Gray, 16 Wall. 220; Florida v. Anderson, 91 U. S. 676; Walden v. Skinner, 101 U. S. 589; Davies v. Lathrop, 12 Fed. 353; Shirk v. City of La Fayette, 52 Fed. 857; Reinach v. Railroad Co., 58 Fed. 33; Morris v. Lindauer, 4 C. C. A. 162, 54 Fed. 23; Bangs v. Loveridge, 60 Fed. 963; Pennington v. Smith, 24 C. C. A. 145, 78 Fed. 399. In the Stewart Case, 168 U. S. 445, 18 Sup. Ct. 105, the question was whether a cause of action, arising in Maryland, could be sued upon in the District of Columbia, owing to the peculiarities of the Maryland statute requiring suits to be brought in the name of the state. It was not a question of federal jurisdiction, and the court held that, the state of Maryland not being the beneficiary of the fruits of the litigation, the suit might be brought in the District of Columbia by the personal representative of the deceased. The case is thus stated in the digest:

"An action for death caused by negligence in Maryland, where the statute provides for an action in the name of the state as nominal plaintiff, but for the benefit of certain prescribed heirs, is not such a special remedy for a purely statutory right of action as will prevent the maintenance of an action by the administrator in the District of Columbia, where the statutes provide for actions by personal representatives in such cases for the benefit of certain prescribed heirs, although the beneficiaries may not be exactly the same under the two statutes." 4 L. Co-op. U. S. Dig. p. 59.

In suits by the state on relation of A. B., or by a next friend, the state and the next friend are not real parties, in the sense that they have an interest in the result of the litigation, nor in the sense that they control the litigation; but executors, administrators, trustees, etc., although they have no personal interest in the fruits of the litigation, yet are real parties in the sense that they control, and are responsible for, the litigation. The demurrer will be overruled.