## WIEMER v. LOUISVILLE WATER CO.

(Circuit Court, W. D. Kentucky. March 18, 1903.)

1. FEDERAL COURTS—PLEA TO JURISDICTION—BURDEN OF PROOF.
    Where a bill properly alleges the requisite facts to give a federal court jurisdiction, the burden rests on the defendant to both allege and prove facts relied on to defeat the jurisdiction.

2. SAME—CITIZENSHIP OF COMPLAINANT—REMOVAL TO ANOTHER STATE.
    That a complainant removed from one state to another for the purpose of acquiring the right to sue in a federal court in the state of his late residence is neither unlawful nor wrongful, and will not defeat the jurisdiction of such court if the removal was with the bona fide intention of remaining permanently, and acquiring citizenship in the new state.

On Plea to the Jurisdiction.
See 130 Fed. 246, 251.

Lane & Harrison and John Roberts, for complainant.
Burnett & Burnett and George Du Relle, for defendant.

EVANS, District Judge. The plea of the defendant that the court has not jurisdiction of the action is based upon two grounds. The first is that the complainant, when he brought the action, was not a citizen of Indiana, but was a citizen of Kentucky, and that he is still a citizen of the latter state. The second is that the matter in dispute does not exceed the sum of $2,000 besides interest and costs. By agreement of the parties, the evidence on the issues raised by the replication to the plea was heard orally before the court, and at the outset the question of the burden of proof was raised. In view of the explicit

¶ 2. Diverse citizenship as ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.
    See Courts, vol. 13, Cent. Dig. § 854.

averments of the bill, the court was of opinion, and so ruled, that it rested upon the defendant, and read from 1 Bates, Fed. Prac. § 252, as follows:

"When the plaintiff in his bill avers the jurisdictional facts in conformity to the Constitution and laws of the United States, the jurisdiction must be taken as prima facie existing; and, if the defendant desires to object to the jurisdiction, the burden is upon him to both allege and prove the facts which are relied upon to defeat the jurisdiction; and, under the act of 1875 (Act March 3, 1875, c. 137, 18 Stat. 470 [U. S. Comp. St. 1901, p. 508]), the defendant must show by proof to a 'legal certainty' that the suit does not really and substantially involve a dispute or controversy within the jurisdiction of the court."

The decisions of the courts abundantly sustain the propositions thus stated.

No testimony was offered by the defendant in support of the second ground of objection to the court's jurisdiction set out in the plea, and as to the first ground the court finds from the evidence, as a conclusion of fact, that when the action was instituted the complainant was, and that he is now, a citizen of the state of Indiana; it appearing that previously thereto he had actually removed from Kentucky to Indiana with intent permanently to remain in the latter state, and with the intention to at once become a citizen thereof. Without going into a discussion of the testimony in detail, that is the conclusion which it leads the court to reach. A change of citizenship may be, and usually is, made instantaneously, one being taken on precisely when the other ceases; and, even if this change were made with a view to acquire, among other things, the right to sue in this court, that result was not affected if the change was in fact made, and with the intention to permanently remain in Indiana, and become thenceforward a citizen of that state, which complainant swears was the case in this instance. Such an object is open to the citizens of the several states, and is within the rights of any person, and is neither unlawful nor wrongful. Robertson v. Carson, 19 Wall. 106, 107, 22 L. Ed. 178; Rice v. Houston, 13 Wall. 66, 20 L. Ed. 484. Of course, if there was no such intention as has been indicated, and if the party in fact simply meant to sojourn temporarily in the new state, he would not acquire citizenship there, and would not and could not impose upon the federal court by a sham pretense. Morris v. Gilmer, 129 U. S. 328, 9 Sup. Ct. 289, 32 L. Ed. 690.

To say the least, the prima facie case made by the averments of the complainant's bill has not by any means been overcome by the testimony. The court accordingly overrules and denies the plea to the jurisdiction filed by the defendant as not having been sustained by the evidence.