## LAUBSCHER v. FAY.

### (District Court, N. D Ohio, E. D. January 24, 1912.)

### No. 8,014.

1. COURTS (§ 311*)—FEDERAL COURTS—JURISDICTION—CITIZENSHIP—PARTIES —ADMINISTRATOR.

Under Gen. Code Ohio, § 10,772, providing that actions for wrongful death shall be for the exclusive benefit of the wife or husband and children of the person killed, and must be brought in the name of the personal representative of the deceased person, such personal representative is not a mere nominal party, but the real party designated by statute, so that his citizenship, and not that of the beneficiaries, is to be considered in determining whether the action presents a controversy between citizens of a state and a foreign state, citizens or subjects, so as to confer jurisdiction on the federal courts.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 858; Dec. Dig. § 311.*

Diverse citizenship as ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.]

2. EXECUTORS AND ADMINISTRATORS (§§ 87, 456*) — ACTIONS — COMPROMISE — COSTS.

Under Gen. Code Ohio, § 10,772, providing that an action for wrongful death must be brought in the name of the decedent's personal representative, such representative has authority to compromise the suit or to dismiss it, and is responsible for his actions and for costs.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 323, 384–392; Dec. Dig. §§ 87, 456.*]

At Law. Action by G. A. Laubscher, as administrator of the estate of Frederick Treichel, deceased, against W. H. Fay. On motion for a new trial. Sustained.

R. B. & A. G. Newcomb, of Cleveland, Ohio, for plaintiff.

R. E. McKisson, of Cleveland, Ohio, for defendant.

DAY, District Judge. The question here presented arises on a motion for a new trial. G. A. Laubscher was the administrator of the estate of Frederick Treichel, deceased, and Laubscher, the administrator, is a resident and citizen of the state of Ohio. Paulina Treichel, widow, and the surviving children of Treichel, are aliens and subjects of the Czar of Russia, and residents of the state of Ohio. The defendant, W. H. Fay, is a citizen and resident of the state of Ohio. So the only question which I will consider, and which is herein considered, is whether this court has jurisdiction of this action under section 1 of the Act of March 3, 1875, c. 137, 18 Stat. 470 (U. S. Comp. St. 1901, p. 508).

In order that the court may have jurisdiction under this act, it is necessary that the controversy be between citizens of a state and a foreign state, citizens or subjects.

It is conceded by counsel for plaintiff in their brief that the only question therefore is whether the administrator is the real party in interest or a mere nominal party who prosecutes the action on behalf of the widow and children of the deceased. The right of action in

this case is predicated upon the Ohio statutes relating to wrongful death, being sections 10,770 to 10,773 of the Ohio General Code, and formerly known as Rev. St. §§ 6134 to 6135, inclusive. Section 10,772 reads in part as follows: "Such actions shall be for the exclusive benefit of the wife or husband, and children. * * * It must be brought in the name of the personal representative of the deceased person."

[1, 2] Now it is claimed that the beneficiaries under the statute are the real parties in interest, and that the federal jurisdiction based upon diverse citizenship has relation to the citizenship of the real parties in interest, and not to that of a mere nominal party, and that the plaintiff administrator is a mere nominal party. I do not think that the plaintiff is a mere nominal party. He is the real party designated by statute. He is the active party. He has the power of compromising this suit or of dismissing it, and is responsible for his actions. Popp v. Cin. H. & D. Ry. Co. (C. C.) 96 Fed. 465; Harper v. Railroad Co. (C. C.) 36 Fed. 102; Coal Co. v. Blatchford, 11 Wall. 172, 20 L. Ed. 179; Knapp v. Railroad Co., 20 Wall. 117, 22 L. Ed. 328; Chappedelaine v. Dechenaux, 4 Cranch, 306, 2 L. Ed. 269; Childress v. Emory, 8 Wheat. 642, 5 L. Ed. 705; Clarke v. Mathewson, 12 Pet. 164, 9 L. Ed. 1041; Bonnafee v. Williams, 3 How. 574, 11 L. Ed. 732; Osborn v. Bank, 9 Wheat. 738, 6 L. Ed. 204; Irvine v. Lowry, 14 Pet. 298, 10 L. Ed. 462; Rice v. Houston, 13 Wall. 66, 20 L. Ed. 484; Davis v. Gray, 16 Wall. 220, 21 L. Ed. 447; Florida v. Anderson, 91 U. S. 676, 23 L. Ed. 290; Walden v. Skinner, 101 U. S. 589, 25 L. Ed. 963; Davies v. Lathrop (C. C.) 12 Fed. 353; Shirk v. City of La Fayette (C. C.) 52 Fed. 857; Reinach v. Railroad Co. (C. C.) 58 Fed. 33; Morris v. Lindauer, 4 C. C. A. 162, 54 Fed. 23; Bangs v. Loveridge (C. C.) 60 Fed. 963; Pennington v. Smith, 24 C. C. A. 145, 78 Fed. 399.

The case cited in 96 Fed. 465, involves the consideration of the same statutes herein involved, and was a cause of action arising in the Southern District of Ohio, decided in May, 1899, by Judge Thompson. It is well established that the personal representatives stand upon their own citizenship in the federal courts, irrespective of the citizenship of the persons whom they represent. Continental Ins. Co. v. Rhoads, 119 U. S. 237, 7 Sup. Ct. 193, 30 L. Ed. 380; Shirk v. City of La Fayette (C. C.) 52 Fed. 857.

I am of the opinion that the plaintiff by reason of his citizenship has no right to resort to the jurisdiction of the court. The laws of the state of Ohio invest in him, and in him alone, the legal right to bring this action as administrator, and as administrator he is liable for the costs of the action and must administer the estate as I have before indicated.

Taking this view of the question raised, the motion for new trial is sustained.