## Staunton

### SHELTMAN v. TAYLOR'S COMMITTEE AND OTHERS.

#### September 7, 1914.

1. INSANE PERSONS—*Suits By and Against—Attachment—Residence of Committee Governs.*—It is the established general rule that when there is a committee of a lunatic every suit respecting his person or estate must be brought by or against his committee, and in determining the right to sue out an attachment on the ground of the non-residence of the defendant, the residence of the committee and not that of the lunatic governs.

2. WITNESSES—*Insanity of an Original Party—Code* (1904) *Section 3346a.*—By the terms of section 3346a of the Code (1904), if one of the original parties to the contract which is the subject of investigation is incapable of testifying by reason of insanity, the other is also incompetent to testify in his own behalf.

3. VOLUNTEERS—*Contracts—Supplying Food Without Contract—Actual Expenditures.*—Where no obligation, legal or moral, rests upon one to supply another with food, and he furnishes it, the law will not suffer him to reap a speculative profit from the transaction  All that he is entitled to receive is the actual amount of his expenditure with interest.

Appeal from a decree of the Circuit Court of Montgomery county. Decree for the defendants. Complainant appeals.

*Amended and affirmed.*

The opinion states the case.

*W. B. Kegley* and *M. H. Tompkins,* for the appellant.

*W. M. Pierce,* for the appellees.

WHITTLE, J., delivered the opinion of the court.

This is a bill in equity in the nature of a foreign attachment, filed by the appellant, an alleged open account creditor of Margaret Taylor, a person of unsound mind, against the committee and others to subject to the lien of the attachment a lot or parcel of land situated in the town of Christiansburg, Montgomery county, Virginia.

The suit was brought under Code, sec. 2964. The appellee, Victoria A. Bell, who was a non-resident of Virginia, qualified as the committee of Margaret Taylor in the Circuit Court of Montgomery county, and removed the lunatic to her home in the city of Washington, District of Columbia, where she died pending the litigation. The case was heard on bill, the demurrer and answer of the committee, the levy of the attachment, and depositions of witnesses; and from a decree dismissing the bill at the cost of the plaintiff, but "with leave for him to institute such suit or proceedings as he may be advised to establish the account set up in the cause," Sheltman appealed.

The demurrer to the bill was rested upon the ground that Margaret Taylor was a resident of Virginia, and therefore that a court of equity had no jurisdiction of the case. That seems to have been the view of the circuit court in dismissing the bill without prejudice, though the demurrer was not in terms sustained.

The settled rule in such case is that the residence of the committee and not that of the lunatic governs. The principle is well illustrated by the case of *Rice, Admr. &c.,* v. *Houston, Admr. &c.,* 13 Wall. 66, 20 L. ed. 484, where it was held, that "An administrator who removes from the State in which he was appointed, and becomes a citizen of another State, may sue in the United States Circuit Court in the State from which he removed for collection of debts due him as administrator." Mr. Justice Davis, in delivering the opinion of the court sad "These

suits were brought in the circuit court (Circuit Court of the United States for the Middle District of Tennessee) by Houston, a citizen of Kentucky, the administrator of the estate of . . Vanleer, against the plaintiffs in error, to recover on notes given by them to the decedent. The defendants below craved oyer of the letters of administration, which were granted by the proper authority of Tennessee, and then pleaded in abatement that as administrator of Vanleer, Houston was not a citizen of Kentucky, but a creature of the law of Tennessee, and, therefore, not entitled to sue the debtor of the estate in the Federal courts. The question of jurisdiction is the only point in the case. Although in controversies between citizens of different States, it is the character of the real and not that of the nominal parties to the record which determines the question of jurisdiction, yet it has been repeatedly held by this court that suits can be maintained in the circuit court by executors or administrators, if they are citizens of a different State from the party sued, on the ground that they are the real parties in interest, and succeed to all the rights of the testator or intestate by operation of law. And it makes no difference that the testator or intestate was a citizen of the same State with the defendants, and could not, if alive, have sued in the Federal courts; nor is the status of the parties affected by the fact that the creditors and legatees of the decedent are citizens of the same State with the defendants. *Chappedelaine* v. *Dechenaux,* 4 Cranch 306, 307, [2 L. Ed. 629]; *Browne* v. *Strode,* 5 Cranch, 303, [3 L. Ed. 108]; *Childress* v. *Emory,* 8 Wheat. 669, [5 L. Ed. 705]; *Osborn* v. *Bk. U. S.,* 9 Wheat. 856, [6 L. Ed. 204]; *McNutt* v. *Bland,* 2 How. 15, [11 L. Ed. 159]; *Irvine* v. *Lowry,* 14 Pet. 298, [10 L. Ed. 462]; *Huff* v. *Hutchinson,* 14 How. 586, [14 L. Ed. 553]; *Coal Co.* v. *Blatchford,* 11 Wall. 172, [20 L. Ed. 179]."

There is no suggestion in this case that the appointment of the committee was not legal, and since it is the established general rule that when there is a committee of a lunatic every suit respecting his person or estate must be by or against the committee, a creditor of the lunatic, in the circumstances of this case, would be without remedy if denied the right to proceed against the committee as a non-resident. *Bird's Committee* v. *Bird,* 21 Gratt. (62 Va.) 712; *General Board State Hospitals* v. *Robertson,* 115 Va. 527, 79 S. E. 1064.

With respect to the second branch of the case, Margaret Taylor was one of the original parties to the contract which is the subject of investigation, and being incapable of testifying by reason of insanity, Sheltman, the other party to the contract, by the terms of the statute was incompetent to testify in his own behalf in relation thereto. Code, sec. 3346a.

Without undertaking to rehearse the evidence, it is sufficient to say that with the plaintiff's testimony excluded it fails to establish the demand. There were mutual accounts between the parties, and the final balance asserted by the plaintiff is $361.26. Among the items in his original account is one for $387.50 for board furnished to Margaret Taylor by Daniel Mitchell at the instance of the plaintiff; yet it plainly appears that this board bill was discharged by the purchase price of a lot sold by the plaintiff to Mitchell for $60.00. Sheltman entered into the arrangement with Mitchell for boarding Margaret Taylor wholly upon his own initiative. No obligation, either legal or moral, rested upon him to supply her with food; but, in that regard, he was a volunteer pure and simple, and the law will not suffer him to reap a speculative profit from the transaction. All that he is entitled to receive is the actual amount of his expenditure with interest. This overcharge alone amounts to

$327.50, and reduces plaintiff's demand to $33.76, which is more than overbalanced by other unsustained items in the account.

We are of opinion that the decree of the circuit court should be so amended as to direct an absolute dismissal of plaintiff's bill, and as thus amended it will be affirmed.

*Amended and affirmed.*