Marshall, Ch. J.,
delivered the opinion of the court
as follows : — The bill in this case is brought to set aside a stated account *185 •which was signed by Dumoussay and Chappedelaine, in. July 1792, on the suggestion of fraud on the part of Dumoussay; or, if it be not set aside, to correct its errors, and to obtain a settlement of transactions subsequent to that account. The stated account is pleaded in bar of so much of the bill as requires that the subject should again be opened ; and the particular errors assigned, with the exception of one in the addition, are denied in the answer.
That the plea in bar must be sustained, except so far as it may be in the power of the representatives of Chappedelaine to show clearly that errors have been committed, is a proposition about which no member of the court has doubted for an instant. No practice could be more dangerous, than that of opening accounts which the parties themselves have adjusted, on suggestion supported by doubtful or by only probable testimony. But if palpable errors be shown, errors which cannot be misunderstood, the settlement must so far be considered as made upon absolute mistake or imposition, and ought not to be obligatory on the injured party or his representatives, because such items cannot be supposed to have received his assent. The whole labor of proof lies upon the party objecting to the account, and errors which he does not plainly establish cannot be supposed to exist. Upon this principle, the report of the auditors in this case, and the exceptions to that report, *so far as respects the stated r*310 account, are to be considered. *-
The first exception relates only to the manner in which the auditors understood the order referring the accounts to them, and need not be considered, since the sole inquiry will be, whether they have, in fact, made any deduction from the stated account, which was not warranted by the interlocutory order — an order made on the principles which this court has already declared to be correct.
The second exception refers to the particular deductions made by the auditors. The first is, that the item in the stated account of 604?. 6s. 5d. is reduced to 333?. Os. 8c?. The stated account between the parties, marked in the proceedings as the exhibit A., contains this item, and states it to be one-fifth of the expenses for disbursements on the island of Sapelo, which was the joint property of a company consisting of five, of which Dumoussay and Chappedelaine were partners. The items which composed this general account are all contained in exhibit F., stated by Dumoussay, on the 3d of May 1792, and assented to by Chappedelaine, on the 23d of July 1792, when the stated account was signed. The total of those disbursements is 4224?. 3s. 8-|-c?. and the balance upon the account is 3021?. 12s. l£c?., the fifth of which is 604?. 6s. 5c?.
In their explanatory report, they auditors say that they took as the basis of this reduction, an account settled by auditors, in a suit decided in the circuit court of Georgia, which was instituted by Boisfeillet, one of the absent partners, against Dechenaux, who was executor both of Dumoussay and Chappedelaine. The auditors in that case were examined, and they depose that their corrections were made on the proof of double entries, false charges, omissions acknowledged by the executor of Dumoussay, and charges not proper to be made against Boisfeillet. This testimony would, of itself, be sufficient to convince the court that injustice was done in the settle- poii ment *of July 1792, but would not show explicitly the amount of L *186 that injustice, and enable them to say what deductions from that settlement ought to be allowed, because, as was well observed by the counsel for Dechenaux, items might be properly chargeable to Chappedelaine, of which Boisfeillet ought not to bear a part.
The court, therefore, sought, in the documents connected with the report, for that more explicit information. Upon looking into the exhibit F., there are, upon the face of the paper, obvious errors, which demonstrate the incorrectness of that statement, and the excessive inattention of Chappedelaine. The first item on the debit side of this exhibit, is the sum of 3571Í. 3s. 8\d. disbursed for Sapelo. The funds for this disbursement were in part in the hands of Dumoussay, as the remnant of advances previously made by the partners. To this remnant he states himself to have added 2368Í. 12s. 0\d. from his private funds. On this advance, made by himself, in Georgia, he charges the company 15 per cent, amounting to 354i., on account of the difference of exchange between money in France and in Georgia, or, as he expresses it, for exchange, freight and insurance. This charge has been rejected in the accounts of all the partners for many obvious reasons. It is sufficient to observe, that as this money was advanced in Georgia, by Dumoussay, and repaid to him, in Georgia, by the partners, there was as much reason for making these charges on the repayment, as on the original advance ; and with respect to Chappedelaine, it is still more inadmissible, because he had previously advanced his portion of this money to Dumoussay, and had allowed him 15 per cent, for these charges, in a deduction from that advance, so that this charge, with respect to Chappedelaine, is double.
The third item in this exhibit is a charge of 2991. as one year’s interest on 2368Z. 12s. 0\d. This is more than double the real amount of interest. * -, *There is also in the credit side of the account, an error of 100i. in the addition. The errors apparent on the face of the exhibit F. amount to 6 lli. and these errors are of sucha description as strongly to characterize the stated account of July 1792. In the account stated by the auditors, there are omissions of moneys received by Dumoussay, and admitted to be chargeable to him in this account with the company, amounting to 189i. 10s. 10c?-
The account containing these incontestable errors was submitted to auditors, and still further reduced by them. ' Several of the small errors which they have detected are perceived, but the whole cannot be traced by this court, without engaging in the laborious task of auditors, which is incompatible with their duties. To that account, the executor of Dumoussay, who was also the executor of Chappedelaine, was a party, and had a right, with respect to Boisfeillet, to rely upon the stated account of July 1792, signed by Chappedelaine ; because Chappedelaine was the attorney in fact of Boisfeillet, and because Boisfeillet had sanctioned that settlement, and had assumed the payment of his part. Yet, in that case, the deductions from that account were made, which the auditors in this case have taken as the basis of their settlement, and those deductions were made in conquence of double entries, false charges, and charges not admissible against Boisfeillet.
The great difficulty in admitting such an account, under such circumstances, consists in the uncertainty of the amount of those charges which were rejected as being inapplicable to Boisfeillet. This difficulty is removed, *187 in a great measure, by inspecting the report in the present case. In that report, the auditors take up the items which were rejected on this principle, and charge them to Chappedelaine; so that, in truth, the alterations made in this item are all founded on errors which the auditors have corrected.
The. second item of this exception is, that the auditors reduced the sum of 336Z. 16s. 8(i. admitted in the stated account, as being one-fourth of the purchase and expense of Jekyll, to 311Z. 9s. 6cZ. making a difference of 25Z. Is. 2d. *This item in the exhibit A., which is the stated account, is the result of the exhibit G., which is the account of Jekyll, L as settled between Dumoussay and Chappedelaine. There is an obvious error of 4Z. 19s. IOcZ. in the division of 3Z. 10s. in the hire of negroes, and the residue of the sum deducted is on account of the same charges on the moneys advanced for Jekyll, which were made on the moneys advanced for Sapelo, and which are rejected, for the same reasons which were assigned for their rejection in that item of the account.
The auditors also reduced the sum of 990Z. 3s. IcZ. assumed by Chappedelaine for Boisfeillet, to the sum of 410Z. making a difference of 580Z. 3s. IcZ. Nothing can be more obvious, than the propriety of this reduction. Dumoussay charges Chappedelaine with the debt of Boisfeillet, amounting, as he says, to 990Z. 3s. IcZ., which Chappedelaine assumes as the attorney of Boisfeillet. In a suit to which the executor of Dumoussay is a party, this debt appears to have been only 4101 No man can hesitate to admit, that Chappedelaine must have credit with Dumoussay for the difference between the sum alleged to be due, and the sum actually due from Boisfeillet.
The auditors also struck out of the stated account the sum of 554Z. 9s. 4cZ. assumed by Chappedelaine for one of the absent partners, that being considered, by mistake, as the share of that absent partner in the expenses of Sapelo. The sum actually due by that partner was afterwards paid by himself to the executor of Dumoussay. The court is satisfied from the evidence, that this payment was made to Dechenaux, as the executor of Dumoussay. The assumpsit of Chappedelaine was essentially as security for the absent partner, who still remained a debtor ; and when the principal did himself pay what he owed to the original creditor, the assumpsit of Chappedelaine was of no further obligation. Although this was not an error in the account, when settled, except so far as this charge exceeded the sum with which the absent partner was really chargeable, yet it becomes an item which can no longer be retained as a charge against Chappedelaine, r^g14 and in reforming *their accounts, it must be excluded from them. L
There is also added to the credits of Chappedelaine the sum of 26Z. 18s. which the auditors state to be the difference between the amount of a receipt given by Dumoussay and the sum actually debited to him in the accounts between the parties.
These several errors make up the sum of 145 71. 8s. 4d., from which is to be deducted the sum of 6071. 10s. Ifd., admitted in the stated account to be due from Chappedelaine to Dumoussay. The balance standing to the credit of Chappedelaine would be, on the 30th of April 1792, 7891. 18s. 2\d.
The auditors state this balance at 1346Z. 10s. 7d. But from this balance reported by the auditors is to be taken the sum of 305Z. 13s. allowed by Chappedelaine on the repayment, in Georgia, of money lent by him to Du *188 moussay in France. This sum has been disallowed by the auditors, but was allowed by the circuit court, and is allowed by this court. This would reduce the report of the auditors to 1030Í. 17s. Id. exceeding the balance which is here supposed, by the sum of 240Z. 19s. 4f d.
The greatest part of this excess is produced by one-third of merchandise sold, and not entered in the account, and by a credit for continuing interest up to the 30th of April 1792, on Chappedelaine’s money in the hands of Dumoussay, which credits had been omitted in the stated account, without any apparent reason, and must, therefore, have been among the numerous inaccuracies of that account. The residue of this excess is said by the auditors to be produced by numerous minute errors detected by a laborious investigation of all the accounts between the parties. This court cannot pursue them in that investigation. But in a case so replete with errors, which mark excessive negligence on the one side, and which can scarcely be ascribed to mistake on the other, the court is of opinion, that the report of the auditors, stating that these corrections were made on the inspection of the ^ .. vouchers and entries which *were laid before them, ought to be received -> unless the person taking the exception had himself required the testimony on any particular point to which he objected, to be submitted to the court, or had required a special statement from the auditors, exhibiting the reasons for their opinion on the particular point.
The balance due to Chappedelaine on the 30th of April 1792, is so much of the loan made by him to Dumoussay in France, which remains unpaid. By the contract between the parties, that loan was to carry an interest of six per cent, per annum, until paid. The court, therefore, cannot consider it as a claim on an unsettled account, or as carrying interest at the rate established in Georgia. It is still governed by the law of the contract, and must carry interest at the rate of six per cent, per annum.
To the report, so far as it respects the accounts subsequent to the 30th of April 1792, a general exception is taken, which is sufficiently repelled by the answer of the auditors. They say, if, in the opinion of the defendant below, the auditors admitted any charge against Dumoussay, which was not sufficiently supported by testimony, he ought to have obtained a special statement from the auditors, or have made a special exception, which would bring the testimony on the particular point before the court. The only objection which the court can notice, is the allegation in the exception, that the auditors have proceeded on accounts rendered by Dechenaux, without allowing him a credit which he claimed in those accounts. That credit is the balance appearing to be due to Dumoussay by the stated account of July 1792. But that balance was entirely changed.' The item was fully disproved by the testimony laid before the auditors. Dechenaux did not then withdraw his account, and require the plaintiff below to support his claims by other vouchers. It was clearly in the power of the plaintiff to have done this, for he might have forced Dechenaux to produce the entries and vouchers from which he had made out the account exhibited by himself. By leaving this account with the auditors, without objection, he acquiesced in their considering as correct the items it admitted.
*This bill was brought to correct the stated account of July 1792, and to settle the accounts between the parties subsequent to that period. The defendant exhibits the accounts subsequent to that period, but *189 claims to set against them the balance due to his testator under the settlement of 1792. On those subsequent accounts, that balance has no influence. By introducing it into an account he was compellable to render, he cannot destroy the effect of that account. Had he intended to rely on this circumstance, he ought to have made the point before the auditors, and thus have enabled the plaintiffs to take other measures to substantiate his claim. The auditors say, they “ admitted the account presented by the defendantbut this must be understood, with the exception of the balance which he claimed under the settlement of July 1792. It does not appear, from their report;, that the claims of the plaintiff below rested on that account so far as it went; but it is probable, that further research was deemed unnecessary. The court cannot say that in this the auditors erred.
The decree of the circuit court is affirmed, so far as it accords with this opinion, and is reversed as to the residue.