8 U.S. 306 (____)
4 Cranch 306
CHAPPEDELAINE, Residuary Legatee, AND CLOSRIVIERRE, Adm'r de bonis non,
against
DECHENAUX, Executor of DUMOUSSAY, Defendant.
Supreme Court of United States.

*308 P.B. Key, for the defendant.
Winder, for the complainants.
ERROR to the circuit court for the district of Georgia, in a suit in equity.
The bill states that the complainants' testator and the defendant's testator, together with three others, viz. Boisfeillet, Du Bignon, and Grand Closmesle, became joint purchasers of the islands of Sapclo, Blackbeard, Jekyll, and half of St. Catharine, on the coast of Georgia; that Dumoussay was the acting partner, and kept all the accounts, &c. That an account was stated and signed by the two testators, Chappedelaine and Dumoussay, on the 30th of April, 1792, by which the former acknowledged a balance of 667l. 10s. 1 3-4d. due to the latter; but that the account was erroneous in sundry items particularly set forth in the bill; that there were sundry debits which had accrued since that settlement, and that Chappedelaine had been obliged by a suit in equity to refund to Boisfeillet a large sum which Dumoussay had overcharged him. That Dechenaux was the executor of the estate of Chappedelaine as well as of Dumoussay, and as executor of Chappedelaine had defended the suit of Boisfeillet. The bill contains a prayer that the defendant may account touching all monies due on rectifying the errors; and for all other sums due by Dumoussay in his life-time, not credited nor accounted for, or which have come to the hands of the defendant, and that he pay over such balance as shall appear on settlement of all accounts, and for general relief. The defendant pleaded the settled account in bar of so much of the bill as sought to open the account, and by answer denied all fraud and error.
*307 Upon hearing, the court below ordered a reference to auditors, with directions "to make a general statement of accounts between the parties, rejecting any erroneous charges which may appear in their settlement, and adding such as may have been omitted."
The auditors, on the 23d of April, 1805, instead of stating an account, reported that they found "a balance due from the defendant to the complainants, including interest upon the liquidated account up to this date, fifteen thousand five hundred and eighty-six dollars and twenty-two cents." They stated that they had not taken into consideration a claim of the complainants of 1,000l. which the estate of Chappedelaine was condemned to pay to Boisfeillet by decree of the court, nor their claim for indemnity for damages said to have been sustained by sale of lands, conceiving those claims not submitted to them, but reserved for the decision of the court.
Exceptions being taken to this report, the court ordered the auditors to "make a statement showing the items of the general account, which they rejected, in whole or in part, and the reasons of their rejections, and also such items as were added as omissions, and their reasons for so doing."
In obedience to this order, the auditors made an explanatory report, whereupon the court decreed that 604l. 6s. and 579l. 8s. 1d. be deducted from the liquidated account of the 30th of April, 1792; that interest be allowed on the balance at eight per cent from that date, and that the defendant pay out of the assets that balance and interest, and the further sum of 3,823 dollars, being the amount stated by the auditors as having accrued since the 30th of April, 1792, and costs.
The errors assigned in the record were,
1. That the bill was insufficient in law.
2. That the court had not jurisdiction, because, although the bill states the complainants to be French citizens, and the defendant a citizen of Georgia, yet the two testators were citizens of Georgia.
*308 3. That I. Trubert, who is stated in the answer to be residuary legatee of Dumoussay, was not made a party; and because the other legatees were not made parties.
4. That the stated account has been partially opened, and abatements made to the injury of the legatee.
5. That the exceptions to the report of the auditors ought to have been sustained.