Catron, Ch. J.
delivered the opinion of the court.
The only question presented by this record is, whether trustees, being defendants, in whom the legal title is vested, are parties in interest so as to oust the federal courts of jurisdiction, in cases where the trustees reside in the same state with the complainants, but the cestui que trust in another state?
The rule is, that each interest must he represented by persons, all of whom are entitled to sue in the federal courts; that is, either one of the complainants must be capable of suing either one of the defendants. 3 Cra. 367. This is not denied; but it is insisted the trustees are mere nominal parties, and have no interest, and therefore the parties in interest had a right to transfer the cause to the federal court. Brown vs. Strode, (5 Cra. 303,) is relied upon. This cause is every way different from the one cited. Here the trustees are legal owners, and could come in as parties complainants in the federal court, were it necessary for them to sue non-residents, in their character of trustees. 4 Cra. 306-7.
The complainant and three defendants, who are trustees, being citizens of Tennessee, the federal court has no jurisdiction; consequently, there was no error in the chancellor when he refused to transfer the cause.
Decree affirmed.