# GORDON *v.* FRAZER.

PRACTICE; ACCOUNTS STATED; AFFIDAVITS UNDER SEVENTY-THIRD RULE.

1. An assignee of a chose in action, who brings a suit to his own use in the name of his assignor, is the equitable plaintiff, and may make the affidavit provided for by the Seventy-third Rule, especially where he acted as the agent of his assignor in the transaction giving rise to the suit, and the facts he states in the affidavit are particularly within his own knowledge.
2. Where, after mutual dealings between two parties, they meet, settle their accounts and a balance is struck in favor of one of them, which settlement the other accepts and certifies as correct, the account so stated becomes a new promise and raises a new cause of action.
3. An account so stated is *prima facie* correct and can not be impeached, save for fraud, error or mistake ; and any defense to an action upon it must relate to it, and not to any matters of anterior liability, except so far as they constitute a foundation for or introduction to a defense impeaching the settlement for fraud, error or mistake.
4. It is not sufficient for an affidavit of defense under the Seventy-third Rule to state that the defendant has a good defense to the action without stating the grounds for the same; *following* Durant *v.* Murdock, 3 App. D. C. 114.
5. While such an affidavit is not to be as strictly scrutinized or construed as the plaintiff's affidavit, something more than vague and indefinite statements is required, especially where if there are any specific grounds of defense they are within the actual knowledge of the defendant; *following* Chapman *v.* Coal Co., 11 App. D. C. 386.

No. 833. Submitted October 21, 1898. Decided November 1, 1898.

HEARING on an appeal by the defendant from a judgment under the Seventy-third Rule in an action of *assumpsit* upon an account stated. *Affirmed.*

The COURT in its opinion stated the case as follows:

This is an appeal from a judgment entered upon the motion of the plaintiff under Rule 73 of the Supreme Court of the District of Columbia.

The action of *assumpsit* upon an account stated was brought in the name of Anne W. Frazer, to the use of C. H. H. Sherman, her assignée.

The particulars of demand annexed to the declaration are as follows:

*Account of Fannie K. Gordon, assignee.*

Memorandum.

| | | |
|---|---:|---:|
| Check, $913.73. Illegally deducted by and due from Mr. Barrett | | $205 |
| Total received by Mrs. Gordon on Mora money thus far | | 710 |
| Deduct disbursed to Mrs. Frazer | $200 | |
| " settlement with Maj. Carrington | 100 | |
| Total disbursements | $300 | 300 |
| Net cash of fund in hand | | $410 |
| Deduct amount due Mrs. Gordon, including all rents, costs, cash advanced at various times, evidence, transcripts, etc., and $3 paid to validate assignment | | 110 |
| Balance due on collection, $205 balance due from cash | | $300 |

Above balances are due Mrs. Frazer or order.
Correct.

(Signed) F. K. GORDON.
Washington, D. C., Nov. 4, 1897.

The affidavit on behalf of the plaintiff, filed to obtain the benefit of the rule, was made by Sherman, who declares himself the assignee of the cause of action and the equitable plaintiff. This states the origin of the demand as follows:

"That heretofore said Anne W. Frazer had a certain interest in the 'Mora claim,' then pending before the State

Department; that an assignment of said interest was made to Fanny K. Gordon for certain considerations and upon certain conditions; that litigation was begun in the Supreme Court of the District of Columbia by said Fanny K. Gordon, acting under said assignment, to establish the validity of the said interest; that such litigation was successful, and the money representing said interest was collected from the State Department by said Fanny K. Gordon; that certain attorney fees were to be paid from this money so collected, and certain claims of the said Fanny K. Gordon were also to be settled from said money, and the balance was to be paid to said Anne W. Frazer; that said attorney fees were paid and said claims settled."

The affidavit then proceeds to state that the account, as shown in the particulars of demand, was stated on November 4, 1897, and the said defendant then and there promised to pay the balance as therein stated of $505. Affiant states that he acted as the agent of Mrs. Frazer in procuring said settlement, since which time it has been assigned to him. The requirements of the statute in respect of payments, set-offs, etc., are carefully complied with.

May 3, 1898, the defendant filed the following affidavit of defense:

" I, Fanny K. Gordon, make oath that I am the defendant in the above-entitled suit; that on the third day of March, 1896, the Anne W. Frazer named in the declaration in said suit was indebted to me in a large sum of money, which she was unable to pay. She had a claim by assignment from James E. Dexter of a portion of what was known as the claim of Antonio Mora, which had been collected from Spain by the United States, and which for a long time she had been trying to collect, but without success. She offered to assign her said claim to me for the amount she was then owing me, which amount was lumped at two hundred and fifty dollars, with the sole verbal condition that in case I collected said claim I should give her a new dress, and

as she was then not in good health, that I should at her death give her decent burial. I employed lawyers, and after a long drawn out contest in the lower court, and then in the Court of Appeals, and subsequently in contest with another party claiming that all of the money belonged to him, or at least a large share of it, I succeeded in collecting the claim, and after its collection I gave said Frazer two hundred dollars to buy her a new dress and to leave her a fund to pay the expenses of a decent burial when she should need it. In addition to this I assigned to her as a free gift my right and title to the costs in the suit through which I collected said claim, being suit in the Supreme Court of the District of Columbia, between myself and James E. Dexter, Equity No. 17,360. Said bill of costs amounted to one hundred and forty-six dollars and thirty cents, of which sixty-five dollars of said costs belong to me. I accepted her offer to make me the assignment, which was done in writing, a copy of which is hereto annexed and marked Exhibit A as a part of this affidavit. I never promised to give her any other consideration, either orally or in writing, for the assignment she made to me, and I do not owe her a cent arising out of this transaction or out of any other."

The assignment referred to as Exhibit A bears date March 3, 1896, and recites a consideration of $250, "and other valuable consideration," and fully describes the interest conveyed as a part of that of James E. Dexter in the "Mora claim." C. H. H. Sherman is one of the subscribing witnesses to the signature of Anne W. Frazer, the assignor.

The court held the affidavit of defense insufficient, and entered judgment for the full amount of the balance stated in the account.

*Mr. O. D. Barrett* and *Mr. Alphonso Hart* for the appellant.

*Mr. Victor H. Wallace* for the appellee.

Mr. Justice SHEPARD delivered the opinion of the Court:

1. Appellant's first assignment of error is founded upon

13 Ct. App.—26

the alleged insufficiency of the plaintiff's own supporting affidavit, in that it was not made by the plaintiff, Anne W. Frazer, or her agent, as required by the rule.

. The affiant was the assignee of the demand, the beneficial owner, the real party at interest, and to recover his money was compelled to bring an action at law in the name of his assignor to his own use. *Hayward* v. *Andrews,* 106 U. S. 672, 675; *Glenn* v. *Marbury,* 145 U. S. 499, 509.

. Such actions were common when the rule was adopted, and it is inconceivable that it was intended to exclude the equitable owner—the real plaintiff—from its benefits, unless he could procure the affidavit to be made by his assignor.

In this case, it was specially appropriate that the affidavit should be made by the assignee, Sherman, because the facts stated were peculiarly within his own knowledge, he having acted as the agent of the assignor in the transactions with the defendant that ended in the account stated.

2. Construed liberally, the affidavit of defense was not sufficient, and the court was right in granting the motion for judgment notwithstanding its recitals.

. It sets out no specific fact that would constitute a defense to the plaintiff's action. It relates only to the assignment of the interest in the "Mora claim," and the consideration therefor, which was made March 3, 1896. That assignment is not a part of the cause of action. It is referred to in the plaintiff's affidavit by way of introduction merely to the final settlement made November 4, 1897, wherein the account between the parties was stated and the promise made to pay the balance then found and agreed to be due.

After more than a year of mutual dealings, the parties met, settled their accounts and struck a balance in favor of the plaintiff. That settlement the defendant accepted and certified to as correct; the debt so ascertained she promised to pay. The account stated became a new promise and raised up a new cause of action. *Tolman* v. *Sprague,* 12 Pet. 300, 333; 1 Am. & Eng. Encyc. of L., (2d Ed.), 456, and

cases cited. The acceptance and acknowledgment of the balance stated are facts from which the law implies a promise to pay; and in this case the affidavit charges an express promise.

The account when so stated is *prima facie* correct, and can not be impeached save for fraud, error or mistake. *Chappedelaine* v. *Dechenane*, 4 Cranch, 306, 309; *Perkins* v. *Hart*, 11 Wheat. 237, 256; *Hager* v. *Thompson*, 1 Black, 80, 93; *Wiggins* v. *Burkham*, 10 Wall. 129, 132; *Oil Co.* v. *Van Etten*, 107 U. S. 325, 334.

The defense to an action upon an account stated must, therefore, relate to it, and not to matters of anterior liability, except in so far as they constitute a foundation for, or introduction to, the real, substantial defense impeaching the settlement for fraud, or error and mistake.

It was clearly no defense to the new cause of action, notwithstanding it may have grown out of the transaction relating to the assignment of the "Mora claim," for defendant to say: " I never promised to give her any other consideration, either orally or in writing, for the assignment she made to me." Granting the truth of that statement as to the transactions and as of the time referred to, is no impeachment of the fairness and correctness of the voluntary settlement afterwards made of all matters of claim and counterclaim between the parties.

Nor is there any added strength in the further and concluding words of the affidavit: " I do not owe her a cent arising out of this transaction or any other." This is merely a conclusion of law from the foregoing statement of fact. It is not enough to say that one has a good defense to the action without exhibiting grounds of the same. *Durant* v. *Murdock*, 3 App. D. C. 114, 121.

Notwithstanding the affidavit of defense is not subject to the closeness of scrutiny or the strictness of construction that, for obvious reasons, is given to the affidavit of the plaintiff, yet something more than vague and indefinite

statements is always required; and especially is this the case where the specific grounds of defense, if any there justly be, must necessarily be within the actual knowledge of the defendant. *Chapman* v. *Coal Co.*, 11 App. D. C. 386, 391.

Finding no error in the record, the judgment must be *affirmed, with costs; and it is so ordered.*