WHITE et al. v. SAFE HARBOR MATCH CO.

(Circuit Court, E. D. Pennsylvania. January 25, 1901.)

No. 54.

1. PLEADING—AFFIDAVIT OF DEFENSE—SUFFICIENCY.

An affidavit of defense is required to set forth the facts constituting the defense with reasonable precision and distinctness only, and should be sustained if it sets forth substantially a good defense.

2. SAME.

In a suit to recover an alleged balance due on account for merchandise, a copy of the account being attached to plaintiff's pleading as an exhibit, an affidavit of defense is sufficient which sets forth that the last payment shown upon said account was made and accepted as payment in full of the amount due thereon after a full settlement, and the allowance to defendant of a credit for freight and shortages claimed, which is not shown in the exhibit. Such affidavit substantially sets forth a settlement and payment, which, if proved to the satisfaction of the jury, would be a bar to the reopening of the account.

At Law. Rule for judgment for want of sufficient affidavit of defense.

Frank P. Prichard, for plaintiffs.
James H. Wolfe, for defendant.

DALLAS, Circuit Judge. This case has been heard upon plaintiffs' rule for judgment for want of a sufficient affidavit of defense. The plaintiffs' demand comprises three items. The first is for a balance of $100, alleged to be due on six car loads of lumber; and the second is for $96.69, alleged to be due upon three car loads of lumber. The affidavit of defense, in so far as it relates to these two items, is as follows:

"That there is no balance due said defendant to plaintiffs on the shipments of lumber made in the six cars first mentioned and described in plaintiffs' statement filed and itemized in Exhibit A, thereto attached, but that the entire shipments set forth in said Exhibit A have been fully paid and settled for; and that the last payment therein credited, viz. $44.95, was made by deponent himself only after all claims and allowances for freight, shortage, etc., had been fully adjusted between deponent, acting for said defendant, and William G. Frost, acting for plaintiffs' firm, and was accepted by said Frost in full and absolute settlement for said shipments. That the same is true as to the shipments itemized and detailed in Exhibit B, attached to said statement. That said exhibit does not give credit for freights and shortages which were admitted by plaintiffs, and which it was agreed by them should be deducted; and that the last payment credited in said exhibit, viz. $1,418.69, was agreed to be the entire balance due on said shipments, and was accepted by plaintiffs in full settlement thereof."

In Hoopes v. Bank, 42 C. C. A. 437, 102 Fed. 448, the court of appeals for this circuit said:

"In Thompson v. Clark, 56 Pa. St. 33, the court said that it is not necessary that an affidavit of defense be drawn with such nicety that no critical skill

can suggest an objection. In Twitchell v. McMurtrie, 77 Pa. St. 383, the rule was laid down that a reasonable intendment is to be made in favor of affidavits of defense; and in Moeck v. Littell, 82 Pa. St. 354, it was declared that the facts set forth as constituting the defense need be averred with reasonable precision and distinctness only. In these cases, and in many other cases, some of which are hereinafter cited, the supreme court of Pennsylvania has ruled that, if the affidavit sets forth substantially. a good defense, it should be supported."

Applying this authoritative statement of the law to the portion of the present affidavit which is now being considered, it appears to be sufficient. I think it substantially sets forth that the accounts which are annexed to the plaintiffs' statement as Exhibits A and B were not acquiesced in by the defendant, and that the respective final payments credited in each of them were not made on account, but were made and accepted as full payment in each instance, and after all claims and allowances for freight, shortage, etc., had been considered and settled by the parties. If these facts shall be established on the trial, an adjustment will be shown, which, in the absence of evidence to impeach it, will constitute a good defense; and consequently the case, as to these items, must be allowed to go to a jury. Darlington v. Taylor, 3 Grant, Cas. 196. "No practice could be more dangerous than that of opening accounts which the parties themselves have adjusted." Chappedelaine v. Dechenaux, 4 Cranch, 309, 2 L. Ed. 629.

The third item of plaintiffs' claim is for a balance alleged to be due under an agreement plainly stated in a letter dated August 28, 1900, from the plaintiffs to the defendant, and the defendant's reply thereto, dated August 29, 1900. These letters were intended to completely embody their contract, and it is evident that the prior oral agreement set up in the affidavit was superseded by them. I am therefore of opinion that the defense which rests upon the theory that the supplanted agreement is still controlling cannot be sustained. The contractual letters, however, provided that "an exact measurement of the worthless outs will be taken, and the amount deducted from our [the plaintiffs'] invoices in making a final settlement." For these "outs" it is admitted that the defendant is entitled to a credit, and, as the statement and affidavit differ as to its correct amount, the sum claimed by the affidavit must, for the present purpose, be accepted. Judgment will be entered upon an assessment to be prepared in accordance with this opinion.