<hr />

### BISHOP v. BOSTON & M. R. R.

(Circuit Court, D. Massachusetts. October 17, 1902.)

#### No. 1,117.

1. FEDERAL COURTS—JURISDICTION—ACTION BY ADMINISTRATOR—DIVERSE CITIZENSHIP.

For the purpose of determining the jurisdiction of a federal court on the ground of diverse citizenship, in an action by an administrator for the wrongful killing of his intestate, the citizenship of the administrator, and not of the beneficiaries of the action, controls, and a complaint failing to allege the citizenship of the administrator is insufficient.

Daniel B. Beard, for plaintiff.

Henry F. Hurlburt, for defendant.

LOWELL, District Judge. By agreement of parties in this case, only the second count of the declaration need be considered. It sets out that the plaintiff is administrator of one De Gruchy, late of Nova Scotia; that the intestate left, as his next of kin, parents, both citizens of Nova Scotia; and that he was killed by the defendant, a Massachusetts corporation. The action is brought under Pub. St. c. 112, §§ 212, 213. The defendant has moved to dismiss on the ground that it does not appear that the plaintiff and defendant are not citizens of the same state, to wit, Massachusetts.

¶ 1. Citizenship of executors and administrators as affecting jurisdiction of federal courts, see note to Shipp v. Williams, 10 C. C. A. 252.

See Courts, vol. 13, Cent. Dig. §§ 858, 878.

Speaking generally, the administrator is the real party to a suit brought in his name, so that his citizenship determines the jurisdiction of the circuit court, rather than the citizenship of his intestate, or that of the intestate's next of kin. Chappedelaine v. Dechenaux, 4 Cranch, 306, 2 L. Ed. 629; Dodge v. Perkins, 4 Mason, 433, Fed. Cas. No. 3,954; Insurance Co. v. Rhoads, 119 U. S. 237, 9 Sup. Ct. 797, 33 L. Ed. 221. The plaintiff contends that this rule does not apply to a case where, as here, the administrator sues, not for the benefit of the estate, but for the use of the next of kin. In Browne v. Strode, 5 Cranch, 303, 3 L. Ed. 108, suit was brought in the name of the judge, by a British creditor of the testator, upon a bond given by the executor. Both the judge and the defendant were citizens of Virginia, but the supreme court held that the circuit court had jurisdiction, upon the ground that there was diversity of citizenship between the real parties to the suit, the British creditor and the defendant. Browne v. Strode was cited with approval by the supreme court in Stewart v. Railroad Co., 168 U. S. 445, 449, 18 Sup. Ct. 106, 42 L. Ed. 537,—an action by the administrator similar in many respects to the case at bar; and the court there said, "For the purposes of jurisdiction in the federal courts, regard is had to the real, rather than to the nominal, party." While the Stewart Case did not decide the point here raised, the supreme court in that opinion recognized an analogy between suits brought in the name of the administrator for the benefit of the next of kin, suits brought in the name of a state for the same purpose, and suits brought in the name of a state or of a judge of probate for the benefit of parties interested in the estate. The language seems to imply that, in the case at bar, jurisdiction depends upon the citizenship of the person for whose benefit the suit is brought, and not upon that of the administrator. On the other hand, if the citizenship of the person for whose benefit the suit is brought determines the jurisdiction of this court, that person must be named, and his citizenship stated. The administrator cannot sue, at his choice, upon his own citizenship, or upon that of the beneficiary. If the citizenship of one gives jurisdiction, that of the other is irrelevant. Suits like the case at bar are not uncommon in this court. Several now pending must be dismissed at once if this plaintiff prevails, for they do not allege the citizenship of the beneficiary or beneficiaries. Indeed, it is sometimes inconvenient that the names of the next of kin should be stated and proved as part of the plaintiff's case in an action of this sort. With considerable doubt, I have determined to follow the practice of this court, which seems to be approved in Railroad Co. v. Hurd, 47 C. C. A. 615, 108 Fed. 116, 118, 56 L. R. A. 193, rather than the somewhat vague language of the supreme court in Stewart v. Railroad Co.

The motion to dismiss for want of an allegation of the administrator's citizenship is granted.