### SANDS et al. v. JAMES CARRUTHERS & CO., Limited.

(District Court, S. D. New York. July 11, 1917.)

COURTS ⬅➡321—FEDERAL COURTS—JURISDICTION—SUITS BETWEEN CITIZENS AND ALIENS—ASSIGNEES.

Under Judicial Code (Act March 3, 1911, c. 231) § 24, par. 1, 36 Stat. 1091 (Comp. St. 1916, § 991), providing that no District Court shall have cognizance of any suit upon any chose in action, in favor of any assignee, unless such suit might have been prosecuted in such court to recover upon such chose in action, if no assignment had been made, where aliens assigned a claim against a Canadian corporation for breach of contract to a citizen of New York, a suit by his administrators was within the jurisdiction of the District Court, as the court would have had jurisdiction of a suit by the alien's administrators, if citizens, and the imputed incapacity of the assignee could not have a greater effect than the original incapacity of the assignor.

At Law. Action by Esther H. Sands and another, administrators of the estate of Willard J. Sands, deceased, against James Carruthers & Co., Limited. On motion to remand. Motion denied.

Motion by the plaintiffs to remand for lack of jurisdiction under the following circumstances: A firm of Belgians made a contract for the sale of wheat with a Canadian corporation. After an alleged breach, the Belgian firm assigned the chose in action to one Sands, a citizen and resident of New York. The plaintiffs, who are Sands's administrators, and residents and citizens of New York, sued the defendant in the state court; the defendant removed on the ground of diversity of citizenship, and the sole question raised is whether, under section 24, par. 1, and section 28, of the Judicial Code (Comp. St. 1916, § 1010) the fact that Sands's assignors were aliens bars this court of jurisdiction.

Gordon S. P. Kleeberg, of New York City, for the motion.
Henry B. Potter and Frederic G. Bastian, both of New York City, opposed.

LEARNED HAND, District Judge. It has been accepted law since Chappedelaine v. Dechenaux, 4 Cranch, 306, 2 L. Ed. 629, that the restriction in section 24, paragraph 1, does not cover the devolution by operation of the law of a chose in action from a testator to his executor;

⬅➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

such officers are not "assignees." The point was somewhat summarily considered in Chappedelaine v. Dechenaux, supra, but it was deliberately passed on in Childress v. Emory, 8 Wheat. 642, 5 L. Ed. 705. On the other hand, the word "assignment" is very literally considered, and an assignment by operation of law is held to be within the restriction, if the grantees are called "assignees." Sere v. Pitot, 6 Cranch, 332, 3 L. Ed. 240. In Mayer v. Foulkrod, Fed. Cas. No. 9,341 (1823), Justice Washington and Judge Peters held that the Circuit Court had jurisdiction in a case precisely like this, except that it was a legacy which was assigned. The assignee was a citizen of Maryland, and so were his executors. The defendant was a citizen of Pennsylvania, and it did not appear whether or not the legatees were citizens of Pennsylvania, which must affirmatively have appeared if the fact was relevant. The jurisdiction of the Circuit Court was upheld; the court treating the case as precisely similar to Chappedelaine v. Dechenaux, supra. Now it should be said of Mayer v. Foulkrod, supra, that under the later decisions (Ingersoll v. Coram, 211 U. S. 335, 361, 29 Sup. Ct. 92, 53 L. Ed. 208, and Brown v. Fletcher, 235 U. S. 589, 35 Sup. Ct. 154, 59 L. Ed. 374), legacies are not treated as choses in action, but as property. However, the court raised no such point, and supposed that the decision was necessary under the facts.

The statute does not literally apply to the case, because the suit is not "in favor of any assignee," but of his administrators. As I have said, the statute is treated somewhat verbally (Sere v. Pitot, supra), but in this case it is not necessary to be verbal. There is no more reason to impute to Sands' administrators his personal incapacity to sue, because he was an assignee, than to impute it to them if he had been himself an alien. If the assignor's administrators had sued, this court would certainly have had jurisdiction, as I have shown, and the effect of section 24, paragraph 1, is only to extend the effect of their alienage to the assignee. Certainly it is unlikely that Congress should have meant to put the assignee, with his imputed incapacity, into a different position from the assignor with his original incapacity. That, however, would be the effect of a remand here.

Mr. Justice Hotchkiss, in the state court, took the motion under advisement, and I am glad to accept his conclusion.

Motion denied.